I hereby CERTIFY
that this document is recorded
in the RECORDERS OFFICE
of Westmoreland County
Pennsylvania

Frank Smith

Frank Schiefer • Recorder of Deeds

# THIS INDENTURE

**MADE** this _____ 13th _____ day of __ May __, 2019.

**BETWEEN:**   DENISE SCHUR, Executrix of the Estate of **ALEX SCHUR,**
Of Cuyahoga County, Ohio,
Grantor and party of the first part, and

**AND**

**CHRISTINE BIROS,**
Grantee and party of the second part;

WHEREAS, **ALEX SCHUR**, Deceased, became seized of the property hereinafter described by the following deeds: (**i**) Deed dated January 27, 1989, and recorded February 7, 1989 in Westmoreland County in Deed Book Volume 2858, Page 381, from Nicholas Schur, et al., conveyed onto NicholasSchur, single (40%), Margaret Schur (15%), Ann Sarris (15%), Alex Schur (15%), and Michael Schur (15%), in fee; and (**ii**) The said Margaret Schur, widow, conveyed her entire interest to Nicholas Schur, Ann Sarris, Alex Schur, and Michael Schur by her deed dated August 5, 1999, and recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 3697, Page 048.

WHEREAS, ALEX SCHUR died testate on September 4, 2005; and,

WHEREAS, DENISE SCHUR, was appointed Executrix the Estate of ALEX SCHUR, Letters Testamentary having been granted by the Cuyahoga County, Ohio, Probate Court on March 4, 2014, at No. 2005EST108203.

WHEREAS, the said DENISE SCHUR, Executrix of the Estate of ALEX SCHUR, Deceased, has the power and authority to convey the real estate hereinafter described by the Will of ALEX SCHUR, and every other power.

WHEREAS, the Grantee, Christine Biros, has commenced an action against U Lock, Inc., et al. seeking to set aside the Deed previously conveyed to U Lock, Inc. by the Grantor herein.

**NOW THIS INDENTURE WITNESSETH,** that the said Grantor for and in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration to her now paid by the party of the second part at or before the signing of and delivery hereof, the receipt whereof is hereby acknowledged, has granted, bargained, sold aliened, released and confirmed and by these presents does grant, bargain, sell and convey unto the said party of the second part, its successors and assigns **18.75%** of the following described real estate:

**UPI  54 – 09485 – 00000**

**MAP** 54 – 03 – 10 – 0 – 103



Instr: 202201250003085
P: 1 of 15
Frank Schiefer       F: $131.25       1/25/2022
Westmoreland County Recorder              3:13 PM
                                    120220002552

**ALL** that certain parcel of land situate in North Huntingdon Township, Westmoreland County, Pennsylvania, bounded and described according to a property survey for Nick Schur, prepared by Barry E. Sakal, Land Surveyor, dated December, 1986, as follows, to wit:

Beginning at a point in the centerline of U.S. Route 30, at the dividing line between property now or formerly of Oddo-Keddie, Inc., and property herein described; thence S 24 degrees 0 minutes E, 335.11 feet to a point; thence S 63 degrees 26 minutes W, 175.60 feet to a point;  thence S 14 degrees 50 minutes E, 265.17 feet to a point;  thence S 25 degrees 17 minutes E, 250 feet to a point; thence S 64 degrees 43 minutes W, 26.95 feet to a point; thence S 25 degrees 17 minutes E, 86.59 feet to a point; thence S 69 degrees 06 minutes W, 149.27 feet to a point; thence S 25 degrees 17 minutes E, 200 feet to a point; thence S 69 degrees 06 minutes W, 542.81 feet to a point; thence N 34 degrees 0 minutes W, 1,093.47 feet to a point; thence N 64 degrees 35 minutes E, 1,113.59 feet to a point, the place of beginning;

EXCEPTING AND RESERVING the out sale of property on February 27, 1989, described and recorded on March 14, 1989, in Deed Book Volume 2864, Pages 315 to 317, from Nicholas Schur, Margaret Schur, Ann Sarris, Alex Schur and Mildred Schur, his wife, and Michael Schur and Anne Schur, his wife, to James S. Whelan.

The premises hereby conveyed are subject to the following exceptions:

1. Unrecorded easements, discrepancies, or conflicts in boundary lines, shortages in areas or in encroachments, which an accurate survey would disclose.
2. Under and subject to conditions, restrictions, rights-of-way, and easements of record.
3. All previously conveyed or transferred oil, gas, coal, hydrocarbons and mining rights, and other leases and rights of way of record pertaining thereto.

**ALSO EXCEPTING AND RESERVING unto the Grantor, all of Grantors' interest in the coal, gas, oil, and all hydrocarbons and all other minerals underlying the above-described land, whatever that interest may be.**

**ALSO SUBJECT TO:**

1. Any remaining unpaid property taxes;
2. Any judgments, liens, or encumbrances against the within described property.

BEING Tax Map Number 54-03-10-0-103.

**THIS Indenture was impleaded by the Defendant, the Grantor herein, in that civil action filed at No.17CJ04886 in the Court of Common Pleas of Westmoreland County, Pennsylvania.  This deed was held by the Honorable Harry F. Smail, Jr., Presiding Judge of the Civil Division, and delivered to the Plaintiff, Christine Biros once a verdict was rendered, and final judgment entered in her favor thereby transferring/conveying ownership of the real property described herein to her.**

**ACCORDINGLY, all deeds of record dated on or after July 16, 2015 are hereby NULL AND VOID. See accompanying Opinion and Order of Court annexed to this deed**

**(Smail, Judge).**

THE true and actual consideration of this conveyance is ONE ($ 1.00) DOLLAR in that Pennsylvania Real Estate Transfer Taxes, in the amount of $ 6,500.00, were previously paid on April 04, 2017, when the Grantor herein, who previously conveyed the property, by deed dated July 09, 2015 was recorded in the Office of the Recorder of Deeds on April 04, 2017, at Instrument Number 201704040010760. **Said deed was later being deemed NULL AND VOID by the Court. See accompanying Opinion and Order of Court annexed to this deed (Smail, Judge).**

**BEING** the same property conveyed to the Sellers/Grantors herein by deed of Nicholas Schur, Margaret Schur, Ann Sarris, Alex Schur, and Michael Schur, dated January 27, 1989, and recorded in the Officer of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 2858, Page 381. The said Margaret Schur, widow, conveyed her entire interest to Nicholas Schur, Ann Sarris, Alex Schur, and Michael Schur by her deed dated August 5, 1999, and recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 3697, Page 048.

PURSUANT TO SECTION 405 OF THE SOLID WASTE MANAGEMENT ACT OF 1980 THE GRANTORS HEREBY STATE THAT THEY HAVE NO KNOWLEDGE OF ANY HAZARDOUS WASTE WHICH IS PRESENTLY BEING DISPOSED OF OR HAS EVER BEEN DISPOSED OF ON THE ABOVE-DESCRIBED LAND OR ANY PART THEREOF.

with the appurtenances: **TO HAVE AND TO HOLD** the same unto and for the use of the said party of the second part for herself, her heirs, executors, administrators, and assigns, forever,

AND the said Denise Schur, Executrix of the Estate of Alex Schur, Deceased, covenants, promises, and agrees with the said party of the second part, her heirs,executors, administrators, and assigns, by these presents that they, the said party of the first part has not done, committed, or knowingly or willingly suffered to be done or committed any act, matter, or thing whatsoever, whereby the premises hereby granted or any part thereof, is, are, shall or may be impeached, charged, or encumbered, in title, charge, estate, or otherwise howsoever.

**NOTICE - THIS DOCUMENT MAY NOT/DOES NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE/HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT, OR MODIFY ANY LEGAL RIGHTS OR ESTATE OTHERWISE CREATED, TRANSFERRED, EXCEPTED, OR RESERVED BY THIS INSTRUMENT. (This notice is set forth in the manner provided in Section 1 of the Act of July 17, 1957, P.L. 984, as amended, and is not intended as notice of unrecorded instruments, if any.)**

IN WITNESS WHEREOF, the said Denise Schur, Executrix of the Estate of Alex Schur, has hereunto set her hand and seal the day and year first above written.

WITNESS:

Beverly J Fultz
Beverly J. Fultz

_____(SEAL)
DENISE SCHUR, Executrix
Estate of ALEX SCHUR

**NOTICE  The undersigned, as evidenced by the signature(s) to this Noticeand the
acceptance and recording of this Deed (is, are) fully cognizant of the fact that the
undersigned may not be obtaining the right of protection against subsidence, as to the
property herein conveyed, resulting from coal mining operations and that the purchased
property, herein conveyed, may be protected from damage due to mine subsidence by a
private contract with the owners of the economic interest in the coal.  This Notice is
inserted herein to comply with the Bituminous Mine Subsidence and Land Conservation
Act of 1966.**

WITNESS:

_____          _____
                                 CHRISTINE BIROS

The undersigned hereby certifies that the precise residence address of the grantee herein
is as follows:

3001 Jackson Run Road  White Oak

                                 1 15131

_____
                                 Grantee

STATE OF OHIO                    )
                                 )  SS:
COUNTY OF _Wayne_                )

On this the ___13th___ day of ___May___, 2019, before me the undersigned
authority, personally appeared

DENISE SCHUR, Executrix of the Estate of ALEX SCHUR, Deceased,

known to me or satisfactorily proven to be the person whose name is subscribed to the within
instrument and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____

_____
(Title of Officer)

My commission expires:

WILLIAM F. ROSS, Attorney at Law
NOTARY PUBLIC, STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| CHRISTINE BIROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4886 of 2017 |
| v. | ) | |
| | ) | |
| U LOCK, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NON-JURY TRIAL OPINION AND ORDER OF COURT

BY THE COURT:

The Court held a non-jury trial on the record with regard to this action on April 29, 2019

pursuant to the April 3, 2019 Order of Court designating the matter for a one day non-jury trial.

The case and concerns the conveyance of a property located at 14140 Route 30, North Huntingdon,

Westmoreland County, Pennsylvania, with a County Tax Map Number of 54-03-10-0-103 ("the

Subject Property"). The initial complaint named Denise Schur as Executrix of the Estate of Alex

Schur, Henry L. Moore and Susan Stano as Co-Executors of the Estate of Nicholas Schur, Kathleen

S. Walter as Executrix of the Estate of Michael Schur, and Cynthia Sarris as Administrator of the

Estate of Ann Sarris as Defendants, as these named estates together were the full owners of the

Subject Property. The Estate Defendants were released from the case upon their motion at the

commencement of trial in this matter, upon assurance that the Estates would issue corrective deeds

to the prevailing party in this matter, and noting that the Estates had no further interest in the

litigation. Upon conclusion of trial, proposed findings of fact, conclusions of law and orders of

court, along with accompanying briefs were ordered by this Court, and the same have been duly

considered in rendering the within opinion.

1          EXHIBIT "A"

## *FACTS*

An agreement for sale of the Subject Property was entered into by the Defendant Estates and Defendant U Lock, and the same was executed by Defendant U Lock on November 25, 2014 and the Defendant Estates on December 22, 2014. (Exhibit "A"). On July 16, 2015, the Subject Property was conveyed to Defendant U Lock. (Transcript of Trial p 18). Four checks were issued by Plaintiff Christine Biros to the former Defendant Estates in full compensation for their respective ownership interests in the Subject Property. (T.T. p. 19, 23, Exhibit "P1"). A handwritten agreement dated July 16, 2015 and signed by Kash Snyder as Director of U Lock, Inc. sets out in brief the terms of a loan agreement wherein Plaintiff Christine Biros lent the full sum of $325,316.00 to Defendant U Lock for the purchase of the Subject Property. (Exhibit "P5").

U Lock attempted to file Articles of Incorporation on July 15, 2015, but the application was returned by the Commonwealth of Pennsylvania Department of State by letter dated July 17, 2015 for insufficiency. (Exhibit "P2"). The letter indicating the applications rejection provided that the original date of incorporation could be retained, provided that a corrected application was provided to the Department of State within thirty days. (Exhibit "P2"). U Lock's Articles of Incorporation were filed on September 4, 2015 with the Commonwealth of Pennsylvania Department of State. (Exhibit "P3"). No evidence of existent corporate by-laws or minutes was submitted by U Lock, and U Lock admits that the subject property has been and remains uninsured. (T.T. p. 53-54). No tax returns have been filed relative to the property since July 2015. (T.T. p. 69). Corrective deeds naming the now-existent U Lock, Inc. as purchaser of the Subject Property were filed with the Westmoreland County Recorder of Deeds on March 1, 2018. (Exhibits "C," "D," "E," and "F").

It is undisputed that U Lock has remained in possession of the Subject Property exclusively since the transfer on July 16, 2015. Plaintiff has never received any reimbursement from U Lock or on behalf of U Lock, and this is admitted by defendant U Lock. (T.T. p. 32, 66). Defendant U

2

Lock has since July 16, 2015 received and continues to receive income via the commercial operation of the Subject Property. (T.T. p. 61).

### *DISCUSSION AND ANALYSIS*

#### COUNT I – DECLARATORY JUDGMENT

Count I of Plaintiff's Complaint requests a declaratory judgment declaring that: (1) the deeds entered into on July 16, 2015 are *void ab initio*; (2) the Defendant Estates remain the owners of the property in fee simple; (3) Christine Biros delivered the purchase price for the property on the date of payment; (4) the Defendant Estates have received full consideration for title to the property; and (5) that Plaintiff Christine Biros is the equitable owner of the property. At the outset, the Court notes that the Defendant Estates have stipulated to the fact that they have received full consideration for title to the property. The Defendant Estates have agreed to execute deeds in favor of the prevailing party to this suit, and so the Estates have been dismissed from the within action.

As to the question of the July 16, 2015 deeds alleged *void ab initio* status, Plaintiff claims that because the deeds were delivered to "U Lock, Inc.," and U Lock, Inc. was not incorporated until September 4, 2015, the deeds are void from their inception. Defendant U Lock argues that U Lock, Inc. was operating as a *de facto* corporation at the time of the deed execution, and so the deeds were valid.

It is settled law in Pennsylvania that "[a] deed that purports to convey real estate to a nonexistent corporation has no effect." *Borough of Elizabeth v. Aim Sher Corp.*, 462 A.2d 811, 812 (Pa. Super. 1983) (citations omitted). "Upon the filing of the articles of incorporation in the Department of State or upon the effective date specified in the articles of incorporation, whichever is later, the corporate existence shall begin." 15 Pa. C.S. § 1309. In certain situations, a corporation may be considered to exist *de facto* despite the failure of the required process where "…after the approval of the articles or application for a charter or issuance of letters patent but without the

3

actual recording of the original papers with the endorsements thereon, or a certified copy thereof, in the office of any recorder of deeds..." the attempted corporation conducts business such as the transfer of property. 15 Pa. C.S. § 504. Pennsylvania common law additionally provides a framework under which a *de facto* corporation may exist: "[f]irst, there must be a law or charter under which an organization might be effected. Second, there must be an attempt to organize which falls so far short of the requirements of the law or charter as to be ineffectual. Third, there must be an assumption and exercise of corporate powers, notwithstanding the failure to comply with the law or charter." *Appeal of Riviera Country Club*, 176 A.2d 704, 706 (Pa. Super. 1961).

It is clear that U Lock, Inc. did not come into being until September 4, 2015. This is over seven weeks after the date of payment and conveyance of the property, being July 16, 2015. It is notable that the letter rejecting U Lock's incorporation application provided a method of retaining the original date of incorporation, yet U Lock did not comply with this option. 15 Pa. C.S. § 504 allows that a *de facto* corporation may exist "after the approval of the articles or application for a charter or issuance of letters patent..." This is plainly not the case here, as the application was not approved until September 4, 2015.

Looking to the common law requirements, it is obvious that a law exists under which U Lock may — and eventually did — incorporate. Turning next to the "attempt to organize," comparing the requirements of various cases is illustrative, and demonstrates that this attempt is generally categorized as, at a minimum, the issuance of a corporate charter or other approval by the state. See e.g., *Cochran v. Arnold*, 58 Pa. 399 (Pa. 1868); *Spahr v. Farmer's Bank, Carlisle*, 94 Pa. 429 (Pa. 1880); *Pinkerton v. Pennsylvania Traction Co.*, 44 A. 284, 285 (Pa. 1899); *Schmitt v. Potter Title & Trust Co.*, 61 Pa. Super. 301 (Pa. Super. 1915); *In re Mt. Sharon Cemetery*, 120 A. 700, 701 (Pa. 1923); *Appeal of Riviera Country Club*, 176 A.2d 704, 707 (Pa. Super. 1961). Here, there was no approval or issuance of any state approval until September 4, 2015. U Lock

4

additionally did not avail itself of the Department of State's offer to retain its original July filing date, falling short of any alleged attempt to incorporate prior to September 4, 2015.

Based on the above reasoning, Defendant U Lock, Inc. was neither a *de facto* nor a *de jure* corporation at the time of the issuance of the original deeds, and so the original deeds are *void ab initio*. As conceded by Defendants Estates at the commencement of trial, the Defendants Estates have been fully compensated for the purchase price of the property by Plaintiff Biros. Plaintiff Biros' equitable ownership of the property will be discussed below.

## COUNT II – EQUITABLE ACTION TO COMPEL CONVEYANCE OF TITLE

Count II of Plaintiff's Complaint requests relief in equity conveying title to the property to Plaintiff, Christine Biros. Plaintiff's proposed Conclusions of Law make clear that Plaintiff is proceeding under a theory that U Lock has held the property in a constructive trust for Plaintiff Biros. "The theory underlying the constructive trust doctrine is that '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' Courts will impose a constructive trust only where the defendant has acquired the property at issue as a result of fraud, duress, undue influence, mistake, abuse of a confidential relationship, or other such circumstances suggesting unjust enrichment." *Louis Dolente & Sons v. U.S. Fid. & Guar. Corp.*, 252 F. Supp. 2d 178, 182 (E.D. Pa. 2003) (citation omitted).

Even accounting for the *void ab initio* status of the original deeds, the corrective deeds, filed March 1, 2018, show legal title in the Subject Property belonging to U Lock, Inc. Certainly, U Lock has had full possession and control of the property since July 16, 2015, and has collected rents from tenants since that time. It is undisputed by U Lock that Christine Biros paid the full purchase price of the property to the Defendant Estates, and that U Lock has not repaid any of the purchase price to Plaintiff Biros. As such, the present case is ripe for the imposition of a constructive trust,

5

where it is clear that it would be wholly inequitable for Defendant U Lock to retain the beneficial interest of the property. It is clear that U Lock would be unjustly enriched in maintaining the benefits of the property, which, in addition to the mere ownership of the property itself, also consist of the accumulation of rent via tenants utilizing storage on the property.

As such, the Court finds that equity demands the imposition of a constructive trust in this situation. In its Findings of Fact and Conclusions of Law, Defendant U Lock maintains that the Plaintiff failed to pursue remedies at law, such as a claim for breach of contract, and so relief in equity is unwarranted. Pennsylvania law provides, however, that "a court of equity has the power to afford relief despite the existence of a legal remedy when, from the nature and complications of a given case, justice can best be reached by means of equity's flexible machinery." *Vautar v. First Nat. Bank of Pennsylvania*, 133 A.3d 6, 12–13 (Pa. Super. 2016) (citation omitted).

Here, the Court notes the unique nature of real property in establishing Plaintiff Biros' right to relief in equity, which provides not only the instant unique piece of real property, but the additional tenant rents which have been collected by U Lock since July 2015 and which will continue to accumulate into the future. Additionally, the Court notes that the record reflects doubt as to U Lock's solvency and ability to repay Plaintiff Biros the purchase price of over $300,000.00 now or at any point subsequent. As such, the only equitable solution is the imposition of a constructive trust, and the present conveyance of the Subject Property to Plaintiff Christine Biros.

## COUNT III – QUIET TITLE

Plaintiff Biros' Count III requests judgment in quiet title. As title to the subject property has been equitably awarded to Plaintiff Biros pursuant to Count II of this action, any claim in quiet title is moot, and so must be dismissed.

6

## COUNT IV – ACCOUNTING

Plaintiff Biros' Count IV requests an accounting of all sums collected by U Lock from

tenants of the subject property since July 16, 2015. To establish a right to an accounting a plaintiff

must show the following:

> (1) there was a valid contract, express or implied, between the parties
> whereby the defendant (a) received monies as agent, trustee or in any
> other capacity whereby the relationship created by the contract imposed a
> legal obligation upon the defendant to account to the plaintiff for the
> monies received by the defendant, or (b) if the relationship created by the
> contract between the plaintiff and defendant created a legal duty upon the
> defendant to account and the defendant failed to account and the plaintiff
> is unable, by reason of the defendant's failure to account, to state the exact
> amount due him, and (2) that the defendant breached or was in dereliction
> of his duty under the contract.

*Haft v. U.S. Steel Corp.*, 499 A.2d 676, 678 (Pa. Super. 1985). Here, as the action is based solely in

equity and no contract action has been maintained, an accounting is inappropriate. Plaintiff's Count

IV must therefore be dismissed.


Based upon the foregoing reasoning, this Court enters the following Order of Court:

## ORDER OF COURT

AND NOW, to wit, this $\cancel{22}$ day of August, 2019, consistent with the analysis contained in

the foregoing Opinion; it is hereby ORDERED, ADJUDGED and DECREED, as follows:

1. As to the Plaintiff's Complaint, a verdict is hereby ENTERED in favor of Plaintiff Christine

   Biros and against Defendant U Lock, Inc. on Counts I and II.

2. Count III of Plaintiff's Complaint is hereby DISMISSED as moot.

3. Count IV of Plaintiff's Complaint is hereby DISMISSED.

4. Any and all deeds executed by any one or all Defendant Estates purporting to convey title to

   Defendant U Lock, Inc. on July 16, 2015 are *void ab initio* and of no further force and

   effect.

5. Defendant Estates have received full consideration for title to the Subject Property.

6. Plaintiff Christine Biros is the equitable owner of the Subject Property.

7. Legal title to the Subject Property shall be conveyed to Christine Biros by execution of the

   appropriate deeds, currently held in escrow.

8. The Court will consider Plaintiff Biros' request for an appeal bond should an appeal be

   taken by Defendant U Lock.

9. Further, in accord with Pa.R.C.P. No. 236(a)(2)(b), the Prothonotary is DIRECTED to note

   in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT:

Harry F. Smail, Jr., Judge

ATTEST:

Prothonotary
cc:   William E. Otto, Esq.
      J. Allen Roth, Esq.
      John Tumolo, Esq.
      Dennis Del Cotto, Esq.

8

**pennsylvania**
DEPARTMENT OF REVENUE (EX) MOD 04-19 (FI)

**REV-183**
BUREAU OF INDIVIDUAL TAXES
PO BOX 280603
HARRISBURG, PA 17128-0603

1830019105

**REALTY TRANSFER TAX STATEMENT OF VALUE**
COMPLETE EACH SECTION

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid: | |
| Book: | Page: |
| Instrument Number: | |
| Date Recorded: | |

## SECTION I — TRANSFER DATA

Date of Acceptance of Document

| Grantor(s)/Lessor(s) | Telephone Number | Grantee(s)/Lessee(s) | Telephone Number |
|---|---|---|---|
| DENISE SCHUR, REAL ESTATE | | CHRISTINE BIROS | |

Mailing Address: ALEX SCHUR
Mailing Address: 3001 JACKS RUN ROAD

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| | | | WHITE OAK | PA | 15131 |

## SECTION II — REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| 14140 ROUTE 30 | NORTH HUNTINGDON |

| County | School District | Tax Parcel Number |
|---|---|---|
| WESTMORELAND | | 54-03-10-0-103 |

## SECTION III — VALUATION DATA

Was transaction part of an assignment or relocation?  ☐ YES  ☐ NO

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| $ 325,000.00 | + | = $325,000.00 |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
|---|---|---|
| 46,410.00 | x 8.13 | = 377,313.30 |

## SECTION IV — EXEMPTION DATA

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| $ 325,000.00 | 18.75 % | 100 % |

2. Check Appropriate Box Below for Exemption Claimed.

☐ Will or intestate succession. _____
(Name of Decedent)          (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement and all amendments.)
☐ Transfer from a trust. (Attach complete copy of trust agreement and all amendments.)
☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)
☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)
☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)
☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)
☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)
☒ Other (Provide a detailed explanation of exemption claimed. If more space is needed attach additional sheets.)

PER ORDER OF COURT ATTACHED, PRIOR DEED FROM GRANTOR DECLARED
VOID AB INITO. TRANSFER TAX WAS PAID ON SUCH DEED

## SECTION V — CORRESPONDENT INFORMATION

| Name | Telephone Number |
|---|---|
| WILLIAM E. OTTO, ESQ | 724-519-8728 |

| Mailing Address | City | State | ZIP Code |
|---|---|---|---|
| PO BOX 701 | MURRYSVILLE | PA | 15668 |

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| | 1/25/2022 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**



1830019105                    1830019105

UPI **54 – 09485 – 00000**

MAP 54 – 03 – 10 – 0 – 103

# THIS INDENTURE

I hereby CERTIFY that this document is recorded in the RECORDERS OFFICE of Westmoreland County Pennsylvania

Frank Schiefer

Frank Schiefer • Recorder of Deeds

**MADE** this _____2ⁿᵈ_____ day of May, 2019.

**BETWEEN:** CYNTHIA SARRIS, Administratrix of the Estate of
ANNE SARRIS also known as ANN SARRIS,
of North Huntingdon Township, Westmoreland County, Pennsylvania,
Grantor and party of the first part, and

**AND**

**CHRISTINE BIROS,**
Grantee and party of the second part;

Instr: 202201250003086
P: 1 of 13        F: $127.25
Frank Schiefer
Westmoreland County Recorder

1/25/2022
3:13 PM
120220002552

WHEREAS, ANNE SARRIS, Deceased, became seized of the property hereinafter described by the following deeds: (**i**) Deed dated January 27, 1989, and recorded February 7, 1989 in Westmoreland County in Deed Book Volume 2858, Page 381, from Nicholas Schur, et al., conveyed onto Nicholas Schur, single (40%), Margaret Schur (15%), Ann Sarris (15%), Alex Schur (15%), and Michael Schur (15%), in fee; and (**ii**) The said Margaret Schur, widow, conveyed her entire interest to Nicholas Schur, Ann Sarris, Alex Schur, and Michael Schur by her deed dated August 5, 1999, and recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 3697, Page 048.

WHEREAS, ANNE SARRIS also known as ANN SARRIS died intestate on November 29, 2006; and,

WHEREAS, CYNTHIA SARRIS, Administratrix of the Estate of ANNE SARRIS, also known as ANN SARRIS, Letters of Administration having been granted by the Register of Wills of Westmoreland County, Pennsylvania, on June 19, 2013 at No. 65-13-1202; and,

WHEREAS, the said CYNTHIA SARRIS, Administratrix of the Estate of ANNE SARRIS, also known as ANN SARRIS, Deceased, has the power and authority to convey the real estate hereinafter described by virtue of Section 3351 of the Probate, Estates, and Fiduciaries Code, as amended.

WHEREAS, the Grantee, Christine Biros, has commenced an action against U Lock, Inc., et al. seeking to set aside the Deed previously conveyed to U Lock, Inc. by the Grantor herein.

**NOW THIS INDENTURE WITNESSETH,** that the said Grantor for and in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration to her now paid by the party of the second part at or before the signing of and delivery hereof, the receipt whereof is hereby acknowledged, have granted, bargained, sold aliened, released and confirmed and by these presents do grant, bargain, sell and convey unto the said party of the second part, its successors and assigns **18.75%** of the following described real estate:

**ALL** that certain parcel of land situate in North Huntingdon Township, Westmoreland County, Pennsylvania, bounded and described according to a property survey for Nick Schur, prepared by Barry E. Sakal, Land Surveyor, dated December, 1986, as follows, to wit:

Beginning at a point in the centerline of U.S. Route 30, at the dividing line between property now or formerly of Oddo-Keddie, Inc., and property herein described; thence S 24 degrees 0 minutes E, 335.11 feet to a point; thence S 63 degrees 26 minutes W, 175.60 feet to a point; thence S 14 degrees 50 minutes E, 265.17 feet to a point; thence S 25 degrees 17 minutes E, 250 feet to a point; thence S 64 degrees 43 minutes W, 26.95 feet to a point; thence S 25 degrees 17 minutes E, 86.59 feet to a point; thence S 69 degrees 06 minutes W, 149.27 feet to a point; thence S 25 degrees 17 minutes E, 200 feet to a point; thence S 69 degrees 06 minutes W, 542.81 feet to a point; thence N 34 degrees 0 minutes W, 1,093.47 feet to a point; thence N 64 degrees 35 minutes E, 1,113.59 feet to a point, the place of beginning;

EXCEPTING AND RESERVING the out sale of property on February 27, 1989, described and recorded on March 14, 1989, in Deed Book Volume 2864, Pages 315 to 317, from Nicholas Schur, Margaret Schur, Ann Sarris, Alex Schur and Mildred Schur, his wife, and Michael Schur and Anne Schur, his wife, to James S. Whelan.

The premises hereby conveyed are subject to the following exceptions:

1. Unrecorded easements, discrepancies, or conflicts in boundary lines, shortages in areas or in encroachments, which an accurate survey would disclose.
2. Under and subject to conditions, restrictions, rights-of-way, and easements of record.
3. All previously conveyed or transferred oil, gas, coal, hydrocarbons and mining rights, and other leases and rights of way of record pertaining thereto.

**ALSO EXCEPTING AND RESERVING unto the Grantor, all of Grantors' interest in the coal, gas, oil, and all hydrocarbons and all other minerals underlying the above-described land, whatever that interest may be.**

**ALSO SUBJECT TO:**

1. Any remaining unpaid property taxes;
2. Any judgments, liens, or encumbrances against the within described property.

BEING Tax Map Number 54-03-10-0-103.

**THIS Indenture was impleaded by the Defendant, the Grantor herein, in that civil action filed at No.17CJ04886 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This deed was held by the Honorable Harry F. Smail, Jr., Presiding Judge of the Civil Division, and delivered to the Plaintiff, Christine Biros once a verdict was rendered, and final judgment entered in her favor thereby transferring/conveying ownership of the real property described herein to her.**

**ACCORDINGLY, all deeds of record dated on or after July 16, 2015 are hereby NULL AND VOID. See accompanying Opinion and Order of Court annexed to this deed (Smail, Judge).**

**THE** true and actual consideration of this conveyance is ONE ($ 1.00) DOLLAR in that

Pennsylvania Real Estate Transfer Taxes, in the amount of $ 6,500.00, were previously paid on April 04, 2017, when the Grantor herein, who previously conveyed the property, by deed dated July 09, 2015 was recorded in the Office of the Recorder of Deeds on April 04, 2017, at Instrument Number 201704040010760. **Said deed was later being deemed NULL AND VOID by the Court. See accompanying Opinion and Order of Court annexed to this deed (Smail, Judge).**

**BEING** the same property conveyed to the Sellers/Grantors herein by deed of Nicholas Schur, Margaret Schur, Ann Sarris, Alex Schur, and Michael Schur, dated January 27, 1989, and recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 2858, Page 381. The said Margaret Schur, widow, conveyed her entire interest to Nicholas Schur, Ann Sarris, Alex Schur, and Michael Schur by her deed dated August 5, 1999, and recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 3697, Page 048.

PURSUANT TO SECTION 405 OF THE SOLID WASTE MANAGEMENT ACT OF 1980 THE GRANTORS HEREBY STATE THAT THEY HAVE NO KNOWLEDGE OF ANY HAZARDOUS WASTE WHICH IS PRESENTLY BEING DISPOSED OF OR HAS EVER BEEN DISPOSED OF ON THE ABOVE-DESCRIBED LAND OR ANY PART THEREOF.

with the appurtenances: **TO HAVE AND TO HOLD** the same unto and for the use of the said parties of the second part for himself, his heirs, executors, administrators, and assigns, forever,

AND the said CYNTHIA SARRIS, Administratrix of the Estate of ANNE SARRIS also known as ANN SARRIS,  Deceased, covenants, promises, and agrees with the said party of the second part, her heirs, executors, administrators, and assigns, by these presents that they, the said party of the first part have not done, committed, or knowingly or willingly suffered to be done or committed any act, matter, or thing whatsoever, whereby the premises hereby granted or any part thereof, is, are, shall or may be impeached, charged, or encumbered, in title, charge, estate, or otherwise howsoever.

**NOTICE - THIS DOCUMENT MAY NOT/DOES NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE/HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT, OR MODIFY ANY LEGAL RIGHTS OR ESTATE OTHERWISE CREATED, TRANSFERRED, EXCEPTED, OR RESERVED BY THIS INSTRUMENT. (This notice is set forth in the manner provided in Section 1 of the Act of July 17, 1957, P.L.  984, as amended, and is not intended as notice of unrecorded instruments, if any.)**

IN WITNESS WHEREOF, the said CYNTHIA SARRIS, Administratrix of the Estate of ANNE SARRIS also known as ANN SARRIS, has hereunto set her hand and seal the day and year first above written.

WITNESS:

_____

Cynthia Sarris (SEAL)
CYNTHIA SARRIS, Administratrix
of the Estate of ANNE SARRIS
also known as ANN SARRIS

**NOTICE  The undersigned, as evidenced by the signature(s) to this Notice and the acceptance and recording of this Deed (is, are) fully cognizant of the fact that the undersigned may not be obtaining the right of protection against subsidence, as to the property herein conveyed, resulting from coal mining operations and that the purchased property, herein conveyed, may be protected from damage due to mine subsidence by a private contract with the owners of the economic interest in the coal.  This Notice is inserted herein to comply with the Bituminous Mine Subsidence and Land Conservation Act of 1966.**

WITNESS:_____

_____

The undersigned hereby certifies that the precise residence address of the grantee herein is as follows:    300 Jacks Run Road White Oak Pa
                                                                                    15 13 1

_____
Grantee

*************************************************************

COMMONWEALTH OF PENNSYLVANIA    )
COUNTY OF WESTMORELAND         )

On this the ___2___ day of ___May___, 2019, before me the undersigned authority, personally appeared **CYNTHIA SARRIS, Administratrix of the Estate of ANNE SARRIS, Deceased**, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____ (Notary Public) Hollan Graham
(Title of Officer)

My commission expires: August 1, 2022

Commonwealth of Pennsylvania - Notary Seal
Hollah Graham, Notary Public
Westmoreland County
My commission expires August 1, 2022

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION

CHRISTINE BIROS,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )          No. 4886 of 2017
                                    )
U LOCK, INC.,                       )
                                    )
                Defendant.          )
                                    )

## NON-JURY TRIAL OPINION AND ORDER OF COURT

BY THE COURT:

The Court held a non-jury trial on the record with regard to this action on April 29, 2019

pursuant to the April 3, 2019 Order of Court designating the matter for a one day non-jury trial.

The case and concerns the conveyance of a property located at 14140 Route 30, North Huntingdon,

Westmoreland County, Pennsylvania, with a County Tax Map Number of 54-03-10-0-103 ("the

Subject Property"). The initial complaint named Denise Schur as Executrix of the Estate of Alex

Schur, Henry L. Moore and Susan Stano as Co-Executors of the Estate of Nicholas Schur, Kathleen

S. Walter as Executrix of the Estate of Michael Schur, and Cynthia Sarris as Administrator of the

Estate of Ann Sarris as Defendants, as these named estates together were the full owners of the

Subject Property. The Estate Defendants were released from the case upon their motion at the

commencement of trial in this matter, upon assurance that the Estates would issue corrective deeds

to the prevailing party in this matter, and noting that the Estates had no further interest in the

litigation. Upon conclusion of trial, proposed findings of fact, conclusions of law and orders of

court, along with accompanying briefs were ordered by this Court, and the same have been duly

considered in rendering the within opinion.

1                    EXHIBIT "A"

## *FACTS*

An agreement for sale of the Subject Property was entered into by the Defendant Estates and Defendant U Lock, and the same was executed by Defendant U Lock on November 25, 2014 and the Defendant Estates on December 22, 2014. (Exhibit "A"). On July 16, 2015, the Subject Property was conveyed to Defendant U Lock. (Transcript of Trial p 18). Four checks were issued by Plaintiff Christine Biros to the former Defendant Estates in full compensation for their respective ownership interests in the Subject Property. (T.T. p. 19, 23, Exhibit "P1"). A handwritten agreement dated July 16, 2015 and signed by Kash Snyder as Director of U Lock, Inc. sets out in brief the terms of a loan agreement wherein Plaintiff Christine Biros lent the full sum of $325,316.00 to Defendant U Lock for the purchase of the Subject Property. (Exhibit "P5").

U Lock attempted to file Articles of Incorporation on July 15, 2015, but the application was returned by the Commonwealth of Pennsylvania Department of State by letter dated July 17, 2015 for insufficiency. (Exhibit "P2"). The letter indicating the applications rejection provided that the original date of incorporation could be retained, provided that a corrected application was provided to the Department of State within thirty days. (Exhibit "P2"). U Lock's Articles of Incorporation were filed on September 4, 2015 with the Commonwealth of Pennsylvania Department of State. (Exhibit "P3"). No evidence of existent corporate by-laws or minutes was submitted by U Lock, and U Lock admits that the subject property has been and remains uninsured. (T.T. p. 53-54). No tax returns have been filed relative to the property since July 2015. (T.T. p. 69). Corrective deeds naming the now-existent U Lock, Inc. as purchaser of the Subject Property were filed with the Westmoreland County Recorder of Deeds on March 1, 2018. (Exhibits "C," "D," "E," and "F").

It is undisputed that U Lock has remained in possession of the Subject Property exclusively since the transfer on July 16, 2015. Plaintiff has never received any reimbursement from U Lock or on behalf of U Lock, and this is admitted by defendant U Lock. (T.T. p. 32, 66). Defendant U

2

Lock has since July 16, 2015 received and continues to receive income via the commercial operation of the Subject Property. (T.T. p. 61).

### DISCUSSION AND ANALYSIS

### COUNT I – DECLARATORY JUDGMENT

Count I of Plaintiff's Complaint requests a declaratory judgment declaring that: (1) the deeds entered into on July 16, 2015 are *void ab initio*; (2) the Defendant Estates remain the owners of the property in fee simple; (3) Christine Biros delivered the purchase price for the property on the date of payment; (4) the Defendant Estates have received full consideration for title to the property; and (5) that Plaintiff Christine Biros is the equitable owner of the property. At the outset, the Court notes that the Defendant Estates have stipulated to the fact that they have received full consideration for title to the property. The Defendant Estates have agreed to execute deeds in favor of the prevailing party to this suit, and so the Estates have been dismissed from the within action.

As to the question of the July 16, 2015 deeds alleged *void ab initio* status, Plaintiff claims that because the deeds were delivered to "U Lock, Inc.," and U Lock, Inc. was not incorporated until September 4, 2015, the deeds are void from their inception. Defendant U Lock argues that U Lock, Inc. was operating as a *de facto* corporation at the time of the deed execution, and so the deeds were valid.

It is settled law in Pennsylvania that "[a] deed that purports to convey real estate to a nonexistent corporation has no effect." *Borough of Elizabeth v. Aim Sher Corp.*, 462 A.2d 811, 812 (Pa. Super. 1983) (citations omitted). "Upon the filing of the articles of incorporation in the Department of State or upon the effective date specified in the articles of incorporation, whichever is later, the corporate existence shall begin." 15 Pa. C.S. § 1309. In certain situations, a corporation may be considered to exist *de facto* despite the failure of the required process where "…after the approval of the articles or application for a charter or issuance of letters patent but without the

3

actual recording of the original papers with the endorsements thereon, or a certified copy thereof, in the office of any recorder of deeds..." the attempted corporation conducts business such as the transfer of property.   15 Pa. C.S. § 504.   Pennsylvania common law additionally provides a framework under which a *de facto* corporation may exist: "[f]irst, there must be a law or charter under which an organization might be effected. Second, there must be an attempt to organize which falls so far short of the requirements of the law or charter as to be ineffectual. Third, there must be an assumption and exercise of corporate powers, notwithstanding the failure to comply with the law or charter." *Appeal of Riviera Country Club*, 176 A.2d 704, 706 (Pa. Super. 1961).

It is clear that U Lock, Inc. did not come into being until September 4, 2015.  This is over seven weeks after the date of payment and conveyance of the property, being July 16, 2015.  It is notable that the letter rejecting U Lock's incorporation application provided a method of retaining the original date of incorporation, yet U Lock did not comply with this option.  15 Pa. C.S. § 504 allows that a *de facto* corporation may exist "after the approval of the articles or application for a charter or issuance of letters patent..."  This is plainly not the case here, as the application was not approved until September 4, 2015.

Looking to the common law requirements, it is obvious that a law exists under which U Lock may — and eventually did — incorporate.  Turning next to the "attempt to organize," comparing the requirements of various cases is illustrative, and demonstrates that this attempt is generally categorized as, at a minimum, the issuance of a corporate charter or other approval by the state.  See e.g., *Cochran v. Arnold*, 58 Pa. 399 (Pa. 1868); *Spahr v. Farmer's Bank, Carlisle*, 94 Pa. 429 (Pa. 1880); *Pinkerton v. Pennsylvania Traction Co.*, 44 A. 284, 285 (Pa. 1899); *Schmitt v. Potter Title & Trust Co.*, 61 Pa. Super. 301 (Pa. Super. 1915); *In re Mt. Sharon Cemetery*, 120 A. 700, 701 (Pa. 1923); *Appeal of Riviera Country Club*, 176 A.2d 704, 707 (Pa. Super. 1961).  Here, there was no approval or issuance of any state approval until September 4, 2015.  U Lock

4

additionally did not avail itself of the Department of State's offer to retain its original July filing date, falling short of any alleged attempt to incorporate prior to September 4, 2015.

Based on the above reasoning, Defendant U Lock, Inc. was neither a *de facto* nor a *de jure* corporation at the time of the issuance of the original deeds, and so the original deeds are *void ab initio*. As conceded by Defendants Estates at the commencement of trial, the Defendants Estates have been fully compensated for the purchase price of the property by Plaintiff Biros. Plaintiff Biros' equitable ownership of the property will be discussed below.

## COUNT II – EQUITABLE ACTION TO COMPEL CONVEYANCE OF TITLE

Count II of Plaintiff's Complaint requests relief in equity conveying title to the property to Plaintiff, Christine Biros. Plaintiff's proposed Conclusions of Law make clear that Plaintiff is proceeding under a theory that U Lock has held the property in a constructive trust for Plaintiff Biros. "The theory underlying the constructive trust doctrine is that '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' Courts will impose a constructive trust only where the defendant has acquired the property at issue as a result of fraud, duress, undue influence, mistake, abuse of a confidential relationship, or other such circumstances suggesting unjust enrichment." *Louis Dolente & Sons v. U.S. Fid. & Guar. Corp.*, 252 F. Supp. 2d 178, 182 (E.D. Pa. 2003) (citation omitted).

Even accounting for the *void ab initio* status of the original deeds, the corrective deeds, filed March 1, 2018, show legal title in the Subject Property belonging to U Lock, Inc. Certainly, U Lock has had full possession and control of the property since July 16, 2015, and has collected rents from tenants since that time. It is undisputed by U Lock that Christine Biros paid the full purchase price of the property to the Defendant Estates, and that U Lock has not repaid any of the purchase price to Plaintiff Biros. As such, the present case is ripe for the imposition of a constructive trust,

5

where it is clear that it would be wholly inequitable for Defendant U Lock to retain the beneficial interest of the property. It is clear that U Lock would be unjustly enriched in maintaining the benefits of the property, which, in addition to the mere ownership of the property itself, also consist of the accumulation of rent via tenants utilizing storage on the property.

As such, the Court finds that equity demands the imposition of a constructive trust in this situation. In its Findings of Fact and Conclusions of Law, Defendant U Lock maintains that the Plaintiff failed to pursue remedies at law, such as a claim for breach of contract, and so relief in equity is unwarranted. Pennsylvania law provides, however, that "a court of equity has the power to afford relief despite the existence of a legal remedy when, from the nature and complications of a given case, justice can best be reached by means of equity's flexible machinery." *Vautar v. First Nat. Bank of Pennsylvania*, 133 A.3d 6, 12–13 (Pa. Super. 2016) (citation omitted).

Here, the Court notes the unique nature of real property in establishing Plaintiff Biros' right to relief in equity, which provides not only the instant unique piece of real property, but the additional tenant rents which have been collected by U Lock since July 2015 and which will continue to accumulate into the future. Additionally, the Court notes that the record reflects doubt as to U Lock's solvency and ability to repay Plaintiff Biros the purchase price of over $300,000.00 now or at any point subsequent. As such, the only equitable solution is the imposition of a constructive trust, and the present conveyance of the Subject Property to Plaintiff Christine Biros.

## COUNT III – QUIET TITLE

Plaintiff Biros' Count III requests judgment in quiet title. As title to the subject property has been equitably awarded to Plaintiff Biros pursuant to Count II of this action, any claim in quiet title is moot, and so must be dismissed.

6

## COUNT IV – ACCOUNTING

Plaintiff Biros' Count IV requests an accounting of all sums collected by U Lock from tenants of the subject property since July 16, 2015. To establish a right to an accounting a plaintiff must show the following:

> (1) there was a valid contract, express or implied, between the parties whereby the defendant (a) received monies as agent, trustee or in any other capacity whereby the relationship created by the contract imposed a legal obligation upon the defendant to account to the plaintiff for the monies received by the defendant, or (b) if the relationship created by the contract between the plaintiff and defendant created a legal duty upon the defendant to account and the defendant failed to account and the plaintiff is unable, by reason of the defendant's failure to account, to state the exact amount due him, and (2) that the defendant breached or was in dereliction of his duty under the contract.

*Haft v. U.S. Steel Corp.*, 499 A.2d 676, 678 (Pa. Super. 1985). Here, as the action is based solely in equity and no contract action has been maintained, an accounting is inappropriate. Plaintiff's Count IV must therefore be dismissed.

Based upon the foregoing reasoning, this Court enters the following Order of Court:

## ORDER OF COURT

AND NOW, to wit, this 22 day of August, 2019, consistent with the analysis contained in

the foregoing Opinion; it is hereby ORDERED, ADJUDGED and DECREED, as follows:

1. As to the Plaintiff's Complaint, a verdict is hereby ENTERED in favor of Plaintiff Christine

   Biros and against Defendant U Lock, Inc. on Counts I and II.

2. Count III of Plaintiff's Complaint is hereby DISMISSED as moot.

3. Count IV of Plaintiff's Complaint is hereby DISMISSED.

4. Any and all deeds executed by any one or all Defendant Estates purporting to convey title to

   Defendant U Lock, Inc. on July 16, 2015 are *void ab initio* and of no further force and

   effect.

5. Defendant Estates have received full consideration for title to the Subject Property.

6. Plaintiff Christine Biros is the equitable owner of the Subject Property.

7. Legal title to the Subject Property shall be conveyed to Christine Biros by execution of the

   appropriate deeds, currently held in escrow.

8. The Court will consider Plaintiff Biros' request for an appeal bond should an appeal be

   taken by Defendant U Lock.

9. Further, in accord with Pa.R.C.P. No. 236(a)(2)(b), the Prothonotary is DIRECTED to note

   in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT,

Harry F. Smail, Jr., Judge

ATTEST:

Prothonotary
cc:  William E. Otto, Esq.
     J. Allen Roth, Esq.
     John Tumolo, Esq.
     Dennis Del Cotto, Esq.

8

**pennsylvania** DEPARTMENT OF REVENUE (EX) MOD 04-19 (FI)

1830019105

RECORDER'S USE ONLY

State Tax Paid:

**REV-183**
BUREAU OF INDIVIDUAL TAXES
PO BOX 280603
HARRISBURG, PA 17128-0603

**REALTY TRANSFER TAX
STATEMENT OF VALUE**
COMPLETE EACH SECTION

| Book: | Page: |
|---|---|
| Instrument Number: | |
| Date Recorded: | |

## SECTION I   TRANSFER DATA

Date of Acceptance of Document

| Grantor(s)/Lessor(s) CYNTHIA SARRIS EXEC. ESTATE ANNE SARRIS | Telephone Number | Grantee(s)/Lessee(s) CHRISTINE BIROS | Telephone Number |
|---|---|---|---|
| Mailing Address | | Mailing Address 3001 JACKS RUN ROAD | |

| City | State | ZIP Code | City WHITE OAK | State PA | ZIP Code 15131 |
|---|---|---|---|---|---|

## SECTION II   REAL ESTATE LOCATION

| Street Address 14140 ROUTE 30 | City, Township, Borough NORTH HUNTINGDON | |
|---|---|---|
| County WESTMORELAND | School District | Tax Parcel Number 54-03-10-0-103 |

## SECTION III   VALUATION DATA

Was transaction part of an assignment or relocation?  ⊂⊃ YES  ⊂⊃ NO

| 1. Actual Cash Consideration $ 325,000.00 | 2. Other Consideration + | 3. Total Consideration = $325,000.00 |
|---|---|---|
| 4. County Assessed Value 46,410.00 | 5. Common Level Ratio Factor x 8.13 | 6. Computed Value = 377,313.30 |

## SECTION IV   EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed $ 325,000.00 | 1b. Percentage of Grantor's Interest in Real Estate 18.75% | 1c. Percentage of Grantor's Interest Conveyed 100 % |
|---|---|---|

2. Check Appropriate Box Below for Exemption Claimed.

⊂⊃ Will or intestate succession. _____

(Name of Decedent)                                           (Estate File Number)

⊂⊃ Transfer to a trust. (Attach complete copy of trust agreement and all amendments.)

⊂⊃ Transfer from a trust. (Attach complete copy of trust agreement and all amendments.)

⊂⊃ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

⊂⊃ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation.
(If condemnation or in lieu of condemnation, attach copy of resolution.)

⊂⊃ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

⊂⊃ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

⊂⊃ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

⬤⊃ Other (Provide a detailed explanation of exemption claimed. If more space is needed attach additional sheets.)

PER ORDER OF COURT ATTACHED, PRIOR DEED FROM GRANTOR DECLARED VOID AB INITO. TRANSFER TAX WAS PAID ON SUCH DEED

## SECTION V   CORRESPONDENT INFORMATION - All inquiries may be directed to the following person.

| Name WILLIAM E. OTTO, ESQ | | Telephone Number 724-519-8728 |
|---|---|---|
| Mailing Address PO BOX 701 | City MURRYSVILLE | State PA | ZIP Code 15668 |

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date 1/25/2022 |
|---|---|

FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.

1830019105                                        1830019105

# THIS INDENTURE

**MADE this** 9TH **day of** MAY **, 2019.**

I hereby CERTIFY
that this document is recorded
in the RECORDERS OFFICE
of Westmoreland County
Pennsylvania

Frank Smith

Frank Schiefer • Recorder of Deeds

**BETWEEN:** **HENRY LEE MOORE AND SUSAN STANO,**

Co-Administrators, d.b.n.c.t.a, of the Estate of **NICHOLAS A. SCHUR,**

of North Huntingdon Township, Westmoreland County, Pennsylvania,

Grantor and party of the first part, and

**AND**

**CHRISTINE BIROS,**

Grantee and party of the second part;

Instr: 202201250003084
P: 1 of 14        F: $129.25
Frank Schiefer
Westmoreland County Recorder

1/25/2022
3:13 PM
120220002552

WHEREAS, NICHOLAS A. SCHUR, Deceased, became seized of the property hereinafter described by the following deeds: (i) Deed dated January 27, 1989, and recorded February 7, 1989 in Westmoreland County in Deed Book Volume 2858, Page 381, from Nicholas Schur, et al., conveyed onto Nicholas Schur, single (40%), Margaret Schur (15%), Ann Sarris (15%), Alex Schur (15%), and Michael Schur (15%), in fee; and (ii) The said Margaret Schur, widow, conveyed her entire interest to Nicholas Schur, Ann Sarris, Alex Schur, and Michael Schur by her deed dated August 5, 1999, and recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 3697, Page 048.

WHEREAS, NICHOLAS A. SCHUR died testate on November 26, 2010; and,

WHEREAS, FRANCES JAQUETTE AND SUSAN STANO, were appointed, Co-executrices ofthe Estate of NICHOLAS A. SCHUR, Letters Testamentary having been granted by the Register of Wills of Westmoreland County, Pennsylvania, on December 9, 2010, at No. 65-10-02349.

WHEREAS, the said Frances Jaquette was removed as Co-executor by Order of the Honorable, Judge Anthony G. Marsili, dated October 24, 2014, and said HENRY LEE MOOREand SUSAN STANO, were appointed Co-Administrators, d.b.n.c.t.a of the Estate of NICHOLAS A. SCHUR on November 7, 2014.

WHEREAS, the said HENRY LEE MOORE AND SUSAN STANO, Co-Administrators, d.b.n.c.t.a, of the Estate of NICHOLAS A. SCHUR, Deceased, have the power and authority to convey the real estate hereinafter described by virtue of Section 3351 of the Probate, Estates, and Fiduciaries Code, as amended.

WHEREAS, the Grantee, Christine Biros, has commenced an action against U Lock, Inc., et al. seeking to set aside the Deed previously conveyed to U Lock, Inc. by the Grantor herein.

**UPI 54-09485-0000**
**MAP 54-03-10-0-103**

NOW THIS INDENTURE WITNESSETH, that the said Grantor(s) for and in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration to them now paid by the party of the second part at or before the signing of and delivery hereof, the receipt whereof is hereby acknowledged, have granted, bargained, sold aliened, released and confirmed and by these presents do grant, bargain, sell and convey unto the said party of the second part,

her heirs executors, administrators and assigns **43.75%** of the following described real estate:

ALL that certain parcel of land situate in North Huntingdon Township, Westmoreland County, Pennsylvania, bounded and described according to a property survey for Nick Schur, prepared by Barry E. Sakal, Land Surveyor, dated December, 1986, as follows, to wit:

Beginning at a point in the centerline of U.S. Route 30, at the dividing line between property now or formerly of Oddo-Keddie, Inc., and property herein described; thence S 24 degrees 0 minutes E, 335.11 feet to a point; thence S 63 degrees 26 minutes W, 175.60 feet to a point; thence S 14 degrees 50 minutes E, 265.17 feet to a point; thence S 25 degrees 17 minutes E, 250 feet to a point; thence S 64 degrees 43 minutes W, 26.95 feet to a point; thence S 25 degrees 17 minutes E, 86.59 feet to a point; thence S 69 degrees 06 minutes W, 149.27 feet to a point; thence S 25 degrees 17 minutes E, 200 feet to a point; thence S 69 degrees 06 minutes W, 542.81 feet to a point; thence N 34 degrees 0 minutes W, 1,093.47 feet to a point; thence N 64 degrees 35 minutes E, 1,113.59 feet to a point, the place of beginning;

EXCEPTING AND RESERVING the out sale of property on February 27, 1989, described and recorded on March 14, 1989, in Deed Book Volume 2864, Pages 315 to 317, from Nicholas Schur, Margaret Schur, Ann Sarris, Alex Schur and Mildred Schur, his wife, and Michael Schur and Anne Schur, his wife, to James S. Whelan.

The premises hereby conveyed are subject to the following exceptions:

1. Unrecorded easements, discrepancies, or conflicts in boundary lines, shortages in areas or in encroachments, which an accurate survey would disclose.
2. Under and subject to conditions, restrictions, rights-of-way, and easements of record.
3. All previously conveyed or transferred oil, gas, coal, hydrocarbons and mining rights, and other leases and rights of way of record pertaining thereto.

**ALSO EXCEPTING AND RESERVING unto the Grantor, all of Grantors' interest in the coal, gas, oil, and all hydrocarbons and all other minerals underlying the above-described land, whatever that interest may be.**

**ALSO SUBJECT TO:**

1. Any remaining unpaid property taxes;
2. Any judgments, liens, or encumbrances against the within described property.

BEING Tax Map Number 54-03-10-0-103.

**THIS Indenture was impleaded by the Defendant, the Grantor herein, in that civil action filed at No.17CJ04886 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This deed was held by the Honorable Harry F. Smail, Jr., Presiding Judge of the Civil Division, and delivered to the Plaintiff, Christine Biros once a verdict was rendered, and final judgment entered in her favor thereby transferring/conveying ownership of the real property described herein to her.**

**ACCORDINGLY, all deeds of record dated on or after July 16, 2015 are hereby NULL AND VOID. See accompanying Opinion and Order of Court annexed to this deed (Smail, Judge).**

THE true and actual consideration of this conveyance is ONE ($ 1.00) DOLLAR in that Pennsylvania Real Estate Transfer Taxes, in the amount of $ 6,500.00, were previously paid on

July 09, 2015 was recorded in the Office of the Recorder of Deeds on April 04, 2017, at Instrument Number 201704040010760. **Said deed was later being deemed NULL AND VOID by the Court. See accompanying Opinion and Order of Court annexed to this deed (Smail, Judge).**

**BEING** the same property conveyed to the Sellers/Grantors herein by deed of Nicholas Schur, Margaret Schur, Ann Sarris, Alex Schur, and Michael Schur, dated January 27, 1989, and recorded in the Officer of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 2858, Page 381. The said Margaret Schur, widow, conveyed her entire interest to Nicholas Schur, Ann Sarris, Alex Schur, and Michael Schur by her deed dated August 5, 1999, and recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 3697, Page 048.

PURSUANT TO SECTION 405 OF THE SOLID WASTE MANAGEMENT ACT OF 1980 THE GRANTORS HEREBY STATE THAT THEY HAVE NO KNOWLEDGE OF ANY HAZARDOUS WASTE WHICH IS PRESENTLY BEING DISPOSED OF OR HAS EVER BEEN DISPOSED OF ON THE ABOVE-DESCRIBED LAND OR ANY PART THEREOF.

with the appurtenances: **TO HAVE AND TO HOLD** the same unto and for the use of the said party of the second part for herself, her heirs, executors, administrators, and assigns, forever,

AND the said Henry Lee Moore and Susan Stano, Co Administrators dbncta of the Estate of Nicholas Schur, Deceased, covenant, promise, and agree with the said party of the second part, its successors and assigns, by these presents that they, the said party of the first part have not done, committed, or knowingly or willingly suffered to be done or committed any act, matter, or thing whatsoever, whereby the premises hereby granted or any part thereof, is, are, shall or may be impeached, charged, or encumbered, in title, charge, estate, or otherwise howsoever.

**NOTICE - THIS DOCUMENT MAY NOT/DOES NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE/HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT, OR MODIFY ANY LEGAL RIGHTS OR ESTATE OTHERWISE CREATED, TRANSFERRED, EXCEPTED, OR RESERVED BY THIS INSTRUMENT. (This notice is set forth in the manner provided in Section 1 of the Act of July 17, 1957, P.L. 984, as amended, and is not intended as notice of unrecorded instruments, if any.)**

IN WITNESS WHEREOF, the said HENRY LEE MOORE and SUSAN STANO, Co-Co-Administrators, d.b.n.c.t.a of the Estate of NICHOLAS A. SCHUR, have hereunto set their hands and seals the day and year first above written.

WITNESS:

HENRY LEE MOORE
Co-Administrator, d.b.n.c.t.a
Estate of Nicholas A. Schur

SUSAN STANO    (SEAL)
Co-Administrator, d.b.n.c.t.a

Estate of Nicholas A. Schur

**NOTICE  The undersigned, as evidenced by the signature(s) to this Notice and the acceptance and recording of this Deed (is, are) fully cognizant of the fact that the undersigned may not be obtaining the right of protection against subsidence, as to the property herein conveyed, resulting from coal mining operations and that the purchased property, herein conveyed, may be protected from damage due to mine subsidence by a private contract with the owners of the economic interest in the coal.  This Notice is inserted herein to comply with the Bituminous Mine Subsidence and Land Conservation Act of 1966.**

WITNESS:

_____

_____

Christine Biros

The undersigned hereby certifies that the precise residence address of the grantee herein is as follows: 3001 Jacks Run Road White Oak Pa 1513,

_____ , Grantee

COMMONWEALTH OF PENNSYLVANIA  )

) SS:

COUNTY OF WESTMORELAND  )

On this the  11th  day of  MAY _____ , 2019, before me the undersigned authority, personally appeared

HENRY LEE MOORE,  Co-Administrator dbncta of the Estate of Nicholas A. Schur, Deceased,

known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Richard A. Yurt, Notary Public
Penn Twp., Westmoreland County
My Commission Expires April 10, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Richard a. Yurt

Notary Public

(Title of Officer)

My commission expires:

*****************************************************************

STATE OF OHIO  )

) SS:

COUNTY OF  Miami  )

On this the  9  day of  May _____ , 2019, before me the undersigned authority, personally appeared

SUSAN STANO, Co-Administrator dbncta of the Estate of Nicholas Schur, Deceased,

known to me or satisfactorily proven to be the person whose name is subscribed to the within
instrument and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
(Title of Officer)

My commission expires:

JUSTIN BARTON
Notary Public, State of Ohio
My Commission Expires
October 25, 2021

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION

CHRISTINE BIROS,                    )
                                    )
              Plaintiff,            )
      v.                            )          No. 4886 of 2017
                                    )
U LOCK, INC.,                       )
                                    )
              Defendant.            )
                                    )

## NON-JURY TRIAL OPINION AND ORDER OF COURT

BY THE COURT:

The Court held a non-jury trial on the record with regard to this action on April 29, 2019

pursuant to the April 3, 2019 Order of Court designating the matter for a one day non-jury trial.

The case and concerns the conveyance of a property located at 14140 Route 30, North Huntingdon,

Westmoreland County, Pennsylvania, with a County Tax Map Number of 54-03-10-0-103 ("the

Subject Property"). The initial complaint named Denise Schur as Executrix of the Estate of Alex

Schur, Henry L. Moore and Susan Stano as Co-Executors of the Estate of Nicholas Schur, Kathleen

S. Walter as Executrix of the Estate of Michael Schur, and Cynthia Sarris as Administrator of the

Estate of Ann Sarris as Defendants, as these named estates together were the full owners of the

Subject Property. The Estate Defendants were released from the case upon their motion at the

commencement of trial in this matter, upon assurance that the Estates would issue corrective deeds

to the prevailing party in this matter, and noting that the Estates had no further interest in the

litigation. Upon conclusion of trial, proposed findings of fact, conclusions of law and orders of

court, along with accompanying briefs were ordered by this Court, and the same have been duly

considered in rendering the within opinion.

1       EXHIBIT "A"

## *FACTS*

An agreement for sale of the Subject Property was entered into by the Defendant Estates and Defendant U Lock, and the same was executed by Defendant U Lock on November 25, 2014 and the Defendant Estates on December 22, 2014. (Exhibit "A"). On July 16, 2015, the Subject Property was conveyed to Defendant U Lock. (Transcript of Trial p 18). Four checks were issued by Plaintiff Christine Biros to the former Defendant Estates in full compensation for their respective ownership interests in the Subject Property. (T.T. p. 19, 23, Exhibit "P1"). A handwritten agreement dated July 16, 2015 and signed by Kash Snyder as Director of U Lock, Inc. sets out in brief the terms of a loan agreement wherein Plaintiff Christine Biros lent the full sum of $325,316.00 to Defendant U Lock for the purchase of the Subject Property. (Exhibit "P5").

U Lock attempted to file Articles of Incorporation on July 15, 2015, but the application was returned by the Commonwealth of Pennsylvania Department of State by letter dated July 17, 2015 for insufficiency. (Exhibit "P2"). The letter indicating the applications rejection provided that the original date of incorporation could be retained, provided that a corrected application was provided to the Department of State within thirty days. (Exhibit "P2"). U Lock's Articles of Incorporation were filed on September 4, 2015 with the Commonwealth of Pennsylvania Department of State. (Exhibit "P3"). No evidence of existent corporate by-laws or minutes was submitted by U Lock, and U Lock admits that the subject property has been and remains uninsured. (T.T. p. 53-54). No tax returns have been filed relative to the property since July 2015. (T.T. p. 69). Corrective deeds naming the now-existent U Lock, Inc. as purchaser of the Subject Property were filed with the Westmoreland County Recorder of Deeds on March 1, 2018. (Exhibits "C," "D," "E," and "F").

It is undisputed that U Lock has remained in possession of the Subject Property exclusively since the transfer on July 16, 2015. Plaintiff has never received any reimbursement from U Lock or on behalf of U Lock, and this is admitted by defendant U Lock. (T.T. p. 32, 66). Defendant U

Lock has since July 16, 2015 received and continues to receive income via the commercial operation of the Subject Property. (T.T. p. 61).

### DISCUSSION AND ANALYSIS

COUNT I – DECLARATORY JUDGMENT

Count I of Plaintiff's Complaint requests a declaratory judgment declaring that: (1) the deeds entered into on July 16, 2015 are *void ab initio*; (2) the Defendant Estates remain the owners of the property in fee simple; (3) Christine Biros delivered the purchase price for the property on the date of payment; (4) the Defendant Estates have received full consideration for title to the property; and (5) that Plaintiff Christine Biros is the equitable owner of the property. At the outset, the Court notes that the Defendant Estates have stipulated to the fact that they have received full consideration for title to the property. The Defendant Estates have agreed to execute deeds in favor of the prevailing party to this suit, and so the Estates have been dismissed from the within action.

As to the question of the July 16, 2015 deeds alleged *void ab initio* status, Plaintiff claims that because the deeds were delivered to "U Lock, Inc.," and U Lock, Inc. was not incorporated until September 4, 2015, the deeds are void from their inception. Defendant U Lock argues that U Lock, Inc. was operating as a *de facto* corporation at the time of the deed execution, and so the deeds were valid.

It is settled law in Pennsylvania that "[a] deed that purports to convey real estate to a nonexistent corporation has no effect." *Borough of Elizabeth v. Aim Sher Corp.*, 462 A.2d 811, 812 (Pa. Super. 1983) (citations omitted). "Upon the filing of the articles of incorporation in the Department of State or upon the effective date specified in the articles of incorporation, whichever is later, the corporate existence shall begin." 15 Pa. C.S. § 1309. In certain situations, a corporation may be considered to exist *de facto* despite the failure of the required process where "...after the approval of the articles or application for a charter or issuance of letters patent but without the

3

actual recording of the original papers with the endorsements thereon, or a certified copy thereof, in the office of any recorder of deeds..." the attempted corporation conducts business such as the transfer of property. 15 Pa. C.S. § 504. Pennsylvania common law additionally provides a framework under which a *de facto* corporation may exist: "[f]irst, there must be a law or charter under which an organization might be effected. Second, there must be an attempt to organize which falls so far short of the requirements of the law or charter as to be ineffectual. Third, there must be an assumption and exercise of corporate powers, notwithstanding the failure to comply with the law or charter." *Appeal of Riviera Country Club*, 176 A.2d 704, 706 (Pa. Super. 1961).

It is clear that U Lock, Inc. did not come into being until September 4, 2015. This is over seven weeks after the date of payment and conveyance of the property, being July 16, 2015. It is notable that the letter rejecting U Lock's incorporation application provided a method of retaining the original date of incorporation, yet U Lock did not comply with this option. 15 Pa. C.S. § 504 allows that a *de facto* corporation may exist "after the approval of the articles or application for a charter or issuance of letters patent..." This is plainly not the case here, as the application was not approved until September 4, 2015.

Looking to the common law requirements, it is obvious that a law exists under which U Lock may — and eventually did — incorporate. Turning next to the "attempt to organize," comparing the requirements of various cases is illustrative, and demonstrates that this attempt is generally categorized as, at a minimum, the issuance of a corporate charter or other approval by the state. See e.g., *Cochran v. Arnold*, 58 Pa. 399 (Pa. 1868); *Spahr v. Farmer's Bank, Carlisle*, 94 Pa. 429 (Pa. 1880); *Pinkerton v. Pennsylvania Traction Co.*, 44 A. 284, 285 (Pa. 1899); *Schmitt v. Potter Title & Trust Co.*, 61 Pa. Super. 301 (Pa. Super. 1915); *In re Mt. Sharon Cemetery*, 120 A. 700, 701 (Pa. 1923); *Appeal of Riviera Country Club*, 176 A.2d 704, 707 (Pa. Super. 1961). Here, there was no approval or issuance of any state approval until September 4, 2015. U Lock

4

additionally did not avail itself of the Department of State's offer to retain its original July filing date, falling short of any alleged attempt to incorporate prior to September 4, 2015.

Based on the above reasoning, Defendant U Lock, Inc. was neither a *de facto* nor a *de jure* corporation at the time of the issuance of the original deeds, and so the original deeds are *void ab initio*. As conceded by Defendants Estates at the commencement of trial, the Defendants Estates have been fully compensated for the purchase price of the property by Plaintiff Biros. Plaintiff Biros' equitable ownership of the property will be discussed below.

## COUNT II – EQUITABLE ACTION TO COMPEL CONVEYANCE OF TITLE

Count II of Plaintiff's Complaint requests relief in equity conveying title to the property to Plaintiff, Christine Biros. Plaintiff's proposed Conclusions of Law make clear that Plaintiff is proceeding under a theory that U Lock has held the property in a constructive trust for Plaintiff Biros. "The theory underlying the constructive trust doctrine is that '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' Courts will impose a constructive trust only where the defendant has acquired the property at issue as a result of fraud, duress, undue influence, mistake, abuse of a confidential relationship, or other such circumstances suggesting unjust enrichment." *Louis Dolente & Sons v. U.S. Fid. & Guar. Corp.*, 252 F. Supp. 2d 178, 182 (E.D. Pa. 2003) (citation omitted).

Even accounting for the *void ab initio* status of the original deeds, the corrective deeds, filed March 1, 2018, show legal title in the Subject Property belonging to U Lock, Inc. Certainly, U Lock has had full possession and control of the property since July 16, 2015, and has collected rents from tenants since that time. It is undisputed by U Lock that Christine Biros paid the full purchase price of the property to the Defendant Estates, and that U Lock has not repaid any of the purchase price to Plaintiff Biros. As such, the present case is ripe for the imposition of a constructive trust,

5

where it is clear that it would be wholly inequitable for Defendant U Lock to retain the beneficial interest of the property. It is clear that U Lock would be unjustly enriched in maintaining the benefits of the property, which, in addition to the mere ownership of the property itself, also consist of the accumulation of rent via tenants utilizing storage on the property.

As such, the Court finds that equity demands the imposition of a constructive trust in this situation. In its Findings of Fact and Conclusions of Law, Defendant U Lock maintains that the Plaintiff failed to pursue remedies at law, such as a claim for breach of contract, and so relief in equity is unwarranted. Pennsylvania law provides, however, that "a court of equity has the power to afford relief despite the existence of a legal remedy when, from the nature and complications of a given case, justice can best be reached by means of equity's flexible machinery." *Vautar v. First Nat. Bank of Pennsylvania*, 133 A.3d 6, 12–13 (Pa. Super. 2016) (citation omitted).

Here, the Court notes the unique nature of real property in establishing Plaintiff Biros' right to relief in equity, which provides not only the instant unique piece of real property, but the additional tenant rents which have been collected by U Lock since July 2015 and which will continue to accumulate into the future. Additionally, the Court notes that the record reflects doubt as to U Lock's solvency and ability to repay Plaintiff Biros the purchase price of over $300,000.00 now or at any point subsequent. As such, the only equitable solution is the imposition of a constructive trust, and the present conveyance of the Subject Property to Plaintiff Christine Biros.

COUNT III – QUIET TITLE

Plaintiff Biros' Count III requests judgment in quiet title. As title to the subject property has been equitably awarded to Plaintiff Biros pursuant to Count II of this action, any claim in quiet title is moot, and so must be dismissed.

## COUNT IV – ACCOUNTING

Plaintiff Biros' Count IV requests an accounting of all sums collected by U Lock from tenants of the subject property since July 16, 2015. To establish a right to an accounting a plaintiff must show the following:

> (1) there was a valid contract, express or implied, between the parties whereby the defendant (a) received monies as agent, trustee or in any other capacity whereby the relationship created by the contract imposed a legal obligation upon the defendant to account to the plaintiff for the monies received by the defendant, or (b) if the relationship created by the contract between the plaintiff and defendant created a legal duty upon the defendant to account and the defendant failed to account and the plaintiff is unable, by reason of the defendant's failure to account, to state the exact amount due him, and (2) that the defendant breached or was in dereliction of his duty under the contract.

*Haft v. U.S. Steel Corp.*, 499 A.2d 676, 678 (Pa. Super. 1985). Here, as the action is based solely in equity and no contract action has been maintained, an accounting is inappropriate. Plaintiff's Count IV must therefore be dismissed.

Based upon the foregoing reasoning, this Court enters the following Order of Court:

7

## ORDER OF COURT

AND NOW, to wit, this $\cancel{22}$ day of August, 2019, consistent with the analysis contained in

the foregoing Opinion; it is hereby ORDERED, ADJUDGED and DECREED, as follows:

1. As to the Plaintiff's Complaint, a verdict is hereby ENTERED in favor of Plaintiff Christine

   Biros and against Defendant U Lock, Inc. on Counts I and II.

2. Count III of Plaintiff's Complaint is hereby DISMISSED as moot.

3. Count IV of Plaintiff's Complaint is hereby DISMISSED.

4. Any and all deeds executed by any one or all Defendant Estates purporting to convey title to

   Defendant U Lock, Inc. on July 16, 2015 are *void ab initio* and of no further force and

   effect.

5. Defendant Estates have received full consideration for title to the Subject Property.

6. Plaintiff Christine Biros is the equitable owner of the Subject Property.

7. Legal title to the Subject Property shall be conveyed to Christine Biros by execution of the

   appropriate deeds, currently held in escrow.

8. The Court will consider Plaintiff Biros' request for an appeal bond should an appeal be

   taken by Defendant U Lock.

9. Further, in accord with Pa.R.C.P. No. 236(a)(2)(b), the Prothonotary is DIRECTED to note

   in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT

Harry F. Smail, Jr., Judge

ATTEST:

Prothonotary
cc:    William E. Otto, Esq.
       J. Allen Roth, Esq.
       John Tumolo, Esq.
       Dennis Del Cotto, Esq.

8

1830019105

| | RECORDER'S USE ONLY |
|---|---|

**pennsylvania** DEPARTMENT OF REVENUE (EX) MOD 04-19 (FI)

**REV-183**
BUREAU OF INDIVIDUAL TAXES
PO BOX 280603
HARRISBURG, PA 17128-0603

**REALTY TRANSFER TAX
STATEMENT OF VALUE**
COMPLETE EACH SECTION

State Tax Paid:

Book: | Page:

Instrument Number:

Date Recorded:

## SECTION I — TRANSFER DATA

Date of Acceptance of Document

Grantor(s)/Lessor(s) HENRY LEE MOORE
& SUSAN STAND ETAL ESTATE
Mailing Address  NICHOLAS SCHUR    Telephone Number

Grantee(s)/Lessee(s)
CHRISTINE BIROS
Mailing Address
3001 JACKS RUN ROAD    Telephone Number

City | State | ZIP Code
City WHITE OAK | State PA | ZIP Code 15131

## SECTION II — REAL ESTATE LOCATION

Street Address
14140 ROUTE 30

City, Township, Borough
NORTH HUNTINGDON

County
WESTMORELAND

School District

Tax Parcel Number
54-03-10-0-103

## SECTION III — VALUATION DATA

Was transaction part of an assignment or relocation? ☐ YES ☐ NO

1. Actual Cash Consideration
$ 325,000.00

2. Other Consideration
+

3. Total Consideration
= $325,000.00

4. County Assessed Value
46,410.00

5. Common Level Ratio Factor
x  8.13

6. Computed Value
= 377,313.30

## SECTION IV — EXEMPTION DATA

1a. Amount of Exemption Claimed
$ 325,000.00

1b. Percentage of Grantor's Interest in Real Estate
43.75 %

1c. Percentage of Grantor's Interest Conveyed
100 %

2. Check Appropriate Box Below for Exemption Claimed.

☐ Will or intestate succession. _____

(Name of Decedent)     (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement and all amendments.)
☐ Transfer from a trust. (Attach complete copy of trust agreement and all amendments.)
☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)
☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)
☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)
☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)
☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)
☐ Other (Provide a detailed explanation of exemption claimed. If more space is needed attach additional sheets.)

PER ORDER OF COURT ATTACHED, PRIOR DEED FROM GRANTOR DECLARED
VOID AB INITIO. TRANSFER TAX WAS PAID ON SUCH DEED

## SECTION V — CORRESPONDENT INFORMATION

Name
WILLIAM E. OTTO, ESQ

Telephone Number
724-519-8728

Mailing Address
PO BOX 701

City
MURRYSVILLE

State PA | ZIP Code 15668

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

Signature of Correspondent or Responsible Party

Date
1/25/2022

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

1830019105          1830019105

PAGE 1

# THIS INDENTURE



I hereby CERTIFY
that this document is recorded
in the RECORDERS OFFICE
of Westmoreland County
Pennsylvania

Fred Smith

Frank Schiefer • Recorder of Deeds

**MADE** this _____ 31ZD _____ day of _____ MAY _____, 2019.

**BETWEEN:  KATHLEEN S. WALTER**, Executrix of the Estate of **MICHAEL SCHUR,** of Allegheny County, Pennsylvania
Grantor and party of the first part, and

**AND**

**CHRISTINE BIROS,**
Grantee and party of the second part;

WHEREAS, MICHAEL SCHUR, Deceased, became seized of the property hereinafter described by the following deeds: (i) Deed dated January 27, 1989, and recorded February 7, 1989 in Westmoreland County in Deed Book Volume 2858, Page 381, from Nicholas Schur, et al., conveyed onto NicholasSchur, single (40%), Margaret Schur (15%), Ann Sarris (15%), Alex Schur (15%), and Michael Schur (15%), in fee; and (ii) The said Margaret Schur, widow, conveyed her entire interest to Nicholas Schur, Ann Sarris, Alex Schur, and Michael Schur by her deed dated August 5, 1999, and recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 3697, Page 048.

WHEREAS, MICHAEL SCHUR died testate on October 27, 2007; and,

WHEREAS, KATHLEEN WALTER, was appointed Executrix the Estate of MICHAEL SCHUR, Letters Testamentary having been granted by proceedings on the Orphans Court Division of the Court of Common Pleas of Allegheny County, Pennsylvania, on November 1, 2007, at No. 02-07-06289.

WHEREAS, the said KATHLEEN S. WALTER, Executrix of the Estate of MICHAEL SCHUR, Deceased, has the power and authority to convey the real estate hereinafter described by the Will of MICHAEL SCHUR, and every other power.

WHEREAS, the Grantee, Christine Biros, has commenced an action against U Lock, Inc., et al. seeking to set aside the Deed previously conveyed to U Lock, Inc. by the Grantor herein.

**NOW THIS INDENTURE WITNESSETH,** that the said Grantor for and in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration to her now paid by the party of the second part at or before the signing of and delivery hereof, the receipt whereof is hereby acknowledged, have granted, bargained, sold aliened, released and confirmed and by these presents do grant, bargain, sell and convey unto the said party of the second part, its successors and assigns **18.75%** of the following described real estate:

**UPI   54 – 09485 – 0000**

**MAP 54 – 03 – 10 – 0 – 103**



Instr: 202201250005087
P: 1 of 15                    F: $131.25
Frank Schiefer
Westmoreland County Recorder

1/25/2022
3:13 PM
120220002552

**ALL** that certain parcel of land situate in North Huntingdon Township, Westmoreland County, Pennsylvania, bounded and described according to a property survey for Nick Schur, prepared by Barry E. Sakal, Land Surveyor, dated December, 1986, as follows, to wit:

Beginning at a point in the centerline of U.S. Route 30, at the dividing line between property now or formerly of Oddo-Keddie, Inc., and property herein described; thence S 24 degrees 0 minutes E, 335.11 feet to a point; thence S 63 degrees 26 minutes W, 175.60 feet to a point;  thence S 14 degrees 50 minutes E, 265.17 feet to a point;  thence S 25 degrees 17 minutes E, 250 feet to a point; thence S 64 degrees 43 minutes W, 26.95 feet to a point; thence S 25 degrees 17 minutes E, 86.59 feet to a point; thence S 69 degrees 06 minutes W, 149.27 feet to a point; thence S 25 degrees 17 minutes E, 200 feet to a point; thence S 69 degrees 06 minutes W, 542.81 feet to a point; thence N 34 degrees 0 minutes W, 1,093.47 feet to a point; thence N 64 degrees 35 minutes E, 1,113.59 feet to a point, the place of beginning;

EXCEPTING AND RESERVING the out sale of property on February 27, 1989, described and recorded on March 14, 1989, in Deed Book Volume 2864, Pages 315 to 317, from Nicholas Schur, Margaret Schur, Ann Sarris, Alex Schur and Mildred Schur, his wife, and Michael Schur and Anne Schur, his wife, to James S. Whelan.

The premises hereby conveyed are subject to the following exceptions:

1. Unrecorded easements, discrepancies, or conflicts in boundary lines, shortages in areas or in encroachments, which an accurate survey would disclose.
2. Under and subject to conditions, restrictions, rights-of-way, and easements of record.
3. All previously conveyed or transferred oil, gas, coal, hydrocarbons and mining rights, and other leases and rights of way of record pertaining thereto.

**ALSO EXCEPTING AND RESERVING unto the Grantor, all of Grantors' interest in the coal, gas, oil, and all hydrocarbons and all other minerals underlying the above-described land, whatever that interest may be.**

**ALSO SUBJECT TO:**

1. Any remaining unpaid property taxes;
2. Any judgments, liens, or encumbrances against the within described property.

BEING Tax Map Number 54-03-10-0-103.

**THIS Indenture was impleaded by the Defendant, the Grantor herein, in that civil action filed at No.17CJ04886 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This deed was held by the Honorable Harry F. Smail, Jr., Presiding Judge of the Civil Division, and delivered to the Plaintiff, Christine Biros once a verdict was rendered, and final judgment entered in her favor thereby transferring/conveying ownership of the real property described herein to her.**

**ACCORDINGLY, all deeds of record dated on or after July 16, 2015 are hereby NULL AND VOID. See accompanying Opinion and Order of Court annexed to this deed**

(Smail, Judge).

**THE** true and actual consideration of this conveyance is ONE ($ 1.00) DOLLAR in that Pennsylvania Real Estate Transfer Taxes, in the amount of $ 6,500.00, were previously paid on April 04, 2017, when the Grantor herein, who previously conveyed the property, by deed dated July 09, 2015 was recorded in the Office of the Recorder of Deeds on April 04, 2017, at Instrument Number 201704040010760. **Said deed was later being deemed NULL AND VOID by the Court. See accompanying Opinion and Order of Court annexed to this deed (Smail, Judge).**

**BEING** the same property conveyed to the Sellers/Grantors herein by deed of Nicholas Schur, Margaret Schur, Ann Sarris, Alex Schur, and Michael Schur, dated January 27, 1989, and recorded in the Officer of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 2858, Page 381. The said Margaret Schur, widow, conveyed her entire interest to Nicholas Schur, Ann Sarris, Alex Schur, and Michael Schur by her deed dated August 5, 1999, and recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 3697, Page 048.

PURSUANT TO SECTION 405 OF THE SOLID WASTE MANAGEMENT ACT OF 1980 THE GRANTORS HEREBY STATE THAT THEY HAVE NO KNOWLEDGE OF ANY HAZARDOUS WASTE WHICH IS PRESENTLY BEING DISPOSED OF OR HAS EVER BEEN DISPOSED OF ON THE ABOVE-DESCRIBED LAND OR ANY PART THEREOF.

with the appurtenances: **TO HAVE AND TO HOLD** the same unto and for the use of the said parties of the second part for himself, his heirs, executors, administrators, and assigns, forever,

AND the said Denise Schur, Executrix of the Estate of Alex Schur, Deceased, covenants, promises, and agrees with the said party of the second part, her heirs, executors, administrators, and assigns, by these presents that they, the said party of the first part has not done, committed, or knowingly or willingly suffered to be done or committed any act, matter, or thing whatsoever, whereby the premises hereby granted or any part thereof, is, are, shall or may be impeached, charged, or encumbered, in title, charge, estate, or otherwise howsoever.

**NOTICE - THIS DOCUMENT MAY NOT/DOES NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE/HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT, OR MODIFY ANY LEGAL RIGHTS OR ESTATE OTHERWISE CREATED, TRANSFERRED, EXCEPTED, OR RESERVED BY THIS INSTRUMENT. (This notice is set forth in the manner provided in Section 1 of the Act of July 17, 1957, P.L. 984, as amended, and is not intended as notice of unrecorded instruments, if any.)**

IN WITNESS WHEREOF, the said Kathleen Walter, Executrix of the Estate of Michael Schur, has hereunto set her hand and seal the day and year first above written.

WITNESS:

_____

KATHLEEN S. WALTER, Executrix (SEAL)
Estate of MICHAEL SCHUR

**ZACHARY M TRIPOLI**
**Notary Public - State of New York**
**No. 01TR6384653**
**Qualified in Schenectady County**
**My Commission Expires Jan. 14, 2023**

NOTICE  The undersigned, as evidenced by the signature(s) to this Notice and the acceptance and recording of this Deed (is, are) fully cognizant of the fact that the undersigned may not be obtaining the right of protection against subsidence, as to the property herein conveyed, resulting from coal mining operations and that the purchased property, herein conveyed, may be protected from damage due to mine subsidence by a private contract with the owners of the economic interest in the coal.  This Notice is inserted herein to comply with the Bituminous Mine Subsidence and Land Conservation Act of 1966.

WITNESS:

CHRISTINE BIROS

The undersigned hereby certifies that the precise residence address of the grantee herein is as follows:

3001 Jacks Run Road White Oak Pa
15131

Grantee

STATE OF _New York_ )
COUNTY OF _Schenectady_ ) SS:
_Saratoga 3f_ )

On this the _3rd_ day of _May_ , 2019, before me the undersigned
authority, personally appeared

KATHLEEN S. WALTER, Executrix of the Estate of **MICHAEL SCHUR**, Deceased,

known to me or satisfactorily proven to be the person whose name is subscribed to the within
instrument and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_NYS Notary_
(Title of Officer)

My commission expires:

ZACHARY M TRIPOLI
Notary Public - State of New York
No. 01TR6384653
Qualified in Schenectady County
My Commission Expires Jan. 14, 2023

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION

CHRISTINE BIROS, )
)
Plaintiff, )
)
v. )     No. 4886 of 2017
)
U LOCK, INC., )
)
Defendant. )
)

## NON-JURY TRIAL OPINION AND ORDER OF COURT

BY THE COURT:

The Court held a non-jury trial on the record with regard to this action on April 29, 2019 pursuant to the April 3, 2019 Order of Court designating the matter for a one day non-jury trial. The case and concerns the conveyance of a property located at 14140 Route 30, North Huntingdon, Westmoreland County, Pennsylvania, with a County Tax Map Number of 54-03-10-0-103 ("the Subject Property"). The initial complaint named Denise Schur as Executrix of the Estate of Alex Schur, Henry L. Moore and Susan Stano as Co-Executors of the Estate of Nicholas Schur, Kathleen S. Walter as Executrix of the Estate of Michael Schur, and Cynthia Sarris as Administrator of the Estate of Ann Sarris as Defendants, as these named estates together were the full owners of the Subject Property. The Estate Defendants were released from the case upon their motion at the commencement of trial in this matter, upon assurance that the Estates would issue corrective deeds to the prevailing party in this matter, and noting that the Estates had no further interest in the litigation. Upon conclusion of trial, proposed findings of fact, conclusions of law and orders of court, along with accompanying briefs were ordered by this Court, and the same have been duly considered in rendering the within opinion.

EXHIBIT "A"

1

## *FACTS*

An agreement for sale of the Subject Property was entered into by the Defendant Estates and Defendant U Lock, and the same was executed by Defendant U Lock on November 25, 2014 and the Defendant Estates on December 22, 2014. (Exhibit "A"). On July 16, 2015, the Subject Property was conveyed to Defendant U Lock. (Transcript of Trial p 18). Four checks were issued by Plaintiff Christine Biros to the former Defendant Estates in full compensation for their respective ownership interests in the Subject Property. (T.T. p. 19, 23, Exhibit "P1"). A handwritten agreement dated July 16, 2015 and signed by Kash Snyder as Director of U Lock, Inc. sets out in brief the terms of a loan agreement wherein Plaintiff Christine Biros lent the full sum of $325,316.00 to Defendant U Lock for the purchase of the Subject Property. (Exhibit "P5").

U Lock attempted to file Articles of Incorporation on July 15, 2015, but the application was returned by the Commonwealth of Pennsylvania Department of State by letter dated July 17, 2015 for insufficiency. (Exhibit "P2"). The letter indicating the applications rejection provided that the original date of incorporation could be retained, provided that a corrected application was provided to the Department of State within thirty days. (Exhibit "P2"). U Lock's Articles of Incorporation were filed on September 4, 2015 with the Commonwealth of Pennsylvania Department of State. (Exhibit "P3"). No evidence of existent corporate by-laws or minutes was submitted by U Lock, and U Lock admits that the subject property has been and remains uninsured. (T.T. p. 53-54). No tax returns have been filed relative to the property since July 2015. (T.T. p. 69). Corrective deeds naming the now-existent U Lock, Inc. as purchaser of the Subject Property were filed with the Westmoreland County Recorder of Deeds on March 1, 2018. (Exhibits "C," "D," "E," and "F").

It is undisputed that U Lock has remained in possession of the Subject Property exclusively since the transfer on July 16, 2015. Plaintiff has never received any reimbursement from U Lock or on behalf of U Lock, and this is admitted by defendant U Lock. (T.T. p. 32, 66). Defendant U

2

Lock has since July 16, 2015 received and continues to receive income via the commercial operation of the Subject Property. (T.T. p. 61).

## DISCUSSION AND ANALYSIS

### COUNT I – DECLARATORY JUDGMENT

Count I of Plaintiff's Complaint requests a declaratory judgment declaring that: (1) the deeds entered into on July 16, 2015 are *void ab initio*; (2) the Defendant Estates remain the owners of the property in fee simple; (3) Christine Biros delivered the purchase price for the property on the date of payment; (4) the Defendant Estates have received full consideration for title to the property; and (5) that Plaintiff Christine Biros is the equitable owner of the property. At the outset, the Court notes that the Defendant Estates have stipulated to the fact that they have received full consideration for title to the property. The Defendant Estates have agreed to execute deeds in favor of the prevailing party to this suit, and so the Estates have been dismissed from the within action.

As to the question of the July 16, 2015 deeds alleged *void ab initio* status, Plaintiff claims that because the deeds were delivered to "U Lock, Inc.," and U Lock, Inc. was not incorporated until September 4, 2015, the deeds are void from their inception. Defendant U Lock argues that U Lock, Inc. was operating as a *de facto* corporation at the time of the deed execution, and so the deeds were valid.

It is settled law in Pennsylvania that "[a] deed that purports to convey real estate to a nonexistent corporation has no effect." *Borough of Elizabeth v. Aim Sher Corp.*, 462 A.2d 811, 812 (Pa. Super. 1983) (citations omitted). "Upon the filing of the articles of incorporation in the Department of State or upon the effective date specified in the articles of incorporation, whichever is later, the corporate existence shall begin." 15 Pa. C.S. § 1309. In certain situations, a corporation may be considered to exist *de facto* despite the failure of the required process where "…after the approval of the articles or application for a charter or issuance of letters patent but without the

3

actual recording of the original papers with the endorsements thereon, or a certified copy thereof, in the office of any recorder of deeds..." the attempted corporation conducts business such as the transfer of property. 15 Pa. C.S. § 504. Pennsylvania common law additionally provides a framework under which a *de facto* corporation may exist: "[f]irst, there must be a law or charter under which an organization might be effected. Second, there must be an attempt to organize which falls so far short of the requirements of the law or charter as to be ineffectual. Third, there must be an assumption and exercise of corporate powers, notwithstanding the failure to comply with the law or charter." *Appeal of Riviera Country Club*, 176 A.2d 704, 706 (Pa. Super. 1961).

It is clear that U Lock, Inc. did not come into being until September 4, 2015. This is over seven weeks after the date of payment and conveyance of the property, being July 16, 2015. It is notable that the letter rejecting U Lock's incorporation application provided a method of retaining the original date of incorporation, yet U Lock did not comply with this option. 15 Pa. C.S. § 504 allows that a *de facto* corporation may exist "after the approval of the articles or application for a charter or issuance of letters patent..." This is plainly not the case here, as the application was not approved until September 4, 2015.

Looking to the common law requirements, it is obvious that a law exists under which U Lock may — and eventually did — incorporate. Turning next to the "attempt to organize," comparing the requirements of various cases is illustrative, and demonstrates that this attempt is generally categorized as, at a minimum, the issuance of a corporate charter or other approval by the state. See e.g., *Cochran v. Arnold,* 58 Pa. 399 (Pa. 1868); *Spahr v. Farmer's Bank, Carlisle,* 94 Pa. 429 (Pa. 1880); *Pinkerton v. Pennsylvania Traction Co.,* 44 A. 284, 285 (Pa. 1899); *Schmitt v. Potter Title & Trust Co.,* 61 Pa. Super. 301 (Pa. Super. 1915); *In re Mt. Sharon Cemetery,* 120 A. 700, 701 (Pa. 1923); *Appeal of Riviera Country Club,* 176 A.2d 704, 707 (Pa. Super. 1961). Here, there was no approval or issuance of any state approval until September 4, 2015. U Lock

4

additionally did not avail itself of the Department of State's offer to retain its original July filing date, falling short of any alleged attempt to incorporate prior to September 4, 2015.

Based on the above reasoning, Defendant U Lock, Inc. was neither a *de facto* nor a *de jure* corporation at the time of the issuance of the original deeds, and so the original deeds are *void ab initio*. As conceded by Defendants Estates at the commencement of trial, the Defendants Estates have been fully compensated for the purchase price of the property by Plaintiff Biros. Plaintiff Biros' equitable ownership of the property will be discussed below.

COUNT II – EQUITABLE ACTION TO COMPEL CONVEYANCE OF TITLE

Count II of Plaintiff's Complaint requests relief in equity conveying title to the property to Plaintiff, Christine Biros. Plaintiff's proposed Conclusions of Law make clear that Plaintiff is proceeding under a theory that U Lock has held the property in a constructive trust for Plaintiff Biros. "The theory underlying the constructive trust doctrine is that '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' Courts will impose a constructive trust only where the defendant has acquired the property at issue as a result of fraud, duress, undue influence, mistake, abuse of a confidential relationship, or other such circumstances suggesting unjust enrichment." *Louis Dolente & Sons v. U.S. Fid. & Guar. Corp.*, 252 F. Supp. 2d 178, 182 (E.D. Pa. 2003) (citation omitted).

Even accounting for the *void ab initio* status of the original deeds, the corrective deeds, filed March 1, 2018, show legal title in the Subject Property belonging to U Lock, Inc. Certainly, U Lock has had full possession and control of the property since July 16, 2015, and has collected rents from tenants since that time. It is undisputed by U Lock that Christine Biros paid the full purchase price of the property to the Defendant Estates, and that U Lock has not repaid any of the purchase price to Plaintiff Biros. As such, the present case is ripe for the imposition of a constructive trust,

5

where it is clear that it would be wholly inequitable for Defendant U Lock to retain the beneficial interest of the property. It is clear that U Lock would be unjustly enriched in maintaining the benefits of the property, which, in addition to the mere ownership of the property itself, also consist of the accumulation of rent via tenants utilizing storage on the property.

As such, the Court finds that equity demands the imposition of a constructive trust in this situation. In its Findings of Fact and Conclusions of Law, Defendant U Lock maintains that the Plaintiff failed to pursue remedies at law, such as a claim for breach of contract, and so relief in equity is unwarranted. Pennsylvania law provides, however, that "a court of equity has the power to afford relief despite the existence of a legal remedy when, from the nature and complications of a given case, justice can best be reached by means of equity's flexible machinery." *Vautar v. First Nat. Bank of Pennsylvania*, 133 A.3d 6, 12–13 (Pa. Super. 2016) (citation omitted).

Here, the Court notes the unique nature of real property in establishing Plaintiff Biros' right to relief in equity, which provides not only the instant unique piece of real property, but the additional tenant rents which have been collected by U Lock since July 2015 and which will continue to accumulate into the future. Additionally, the Court notes that the record reflects doubt as to U Lock's solvency and ability to repay Plaintiff Biros the purchase price of over $300,000.00 now or at any point subsequent. As such, the only equitable solution is the imposition of a constructive trust, and the present conveyance of the Subject Property to Plaintiff Christine Biros.

## COUNT III – QUIET TITLE

Plaintiff Biros' Count III requests judgment in quiet title. As title to the subject property has been equitably awarded to Plaintiff Biros pursuant to Count II of this action, any claim in quiet title is moot, and so must be dismissed.

6

COUNT IV – ACCOUNTING

Plaintiff Biros' Count IV requests an accounting of all sums collected by U Lock from tenants of the subject property since July 16, 2015.  To establish a right to an accounting a plaintiff must show the following:

> (1) there was a valid contract, express or implied, between the parties whereby the defendant (a) received monies as agent, trustee or in any other capacity whereby the relationship created by the contract imposed a legal obligation upon the defendant to account to the plaintiff for the monies received by the defendant, or (b) if the relationship created by the contract between the plaintiff and defendant created a legal duty upon the defendant to account and the defendant failed to account and the plaintiff is unable, by reason of the defendant's failure to account, to state the exact amount due him, and (2) that the defendant breached or was in dereliction of his duty under the contract.

*Haft v. U.S. Steel Corp.*, 499 A.2d 676, 678 (Pa. Super. 1985).  Here, as the action is based solely in equity and no contract action has been maintained, an accounting is inappropriate.  Plaintiff's Count IV must therefore be dismissed.

Based upon the foregoing reasoning, this Court enters the following Order of Court:

7

## ORDER OF COURT

AND NOW, to wit, this 22nd day of August, 2019, consistent with the analysis contained in the foregoing Opinion; it is hereby ORDERED, ADJUDGED and DECREED, as follows:

1. As to the Plaintiff's Complaint, a verdict is hereby ENTERED in favor of Plaintiff Christine Biros and against Defendant U Lock, Inc. on Counts I and II.

2. Count III of Plaintiff's Complaint is hereby DISMISSED as moot.

3. Count IV of Plaintiff's Complaint is hereby DISMISSED.

4. Any and all deeds executed by any one or all Defendant Estates purporting to convey title to Defendant U Lock, Inc. on July 16, 2015 are *void ab initio* and of no further force and effect.

5. Defendant Estates have received full consideration for title to the Subject Property.

6. Plaintiff Christine Biros is the equitable owner of the Subject Property.

7. Legal title to the Subject Property shall be conveyed to Christine Biros by execution of the appropriate deeds, currently held in escrow.

8. The Court will consider Plaintiff Biros' request for an appeal bond should an appeal be taken by Defendant U Lock.

9. Further, in accord with Pa.R.C.P. No. 236(a)(2)(b), the Prothonotary is DIRECTED to note in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT:

Harry F. Smail, Jr., Judge

ATTEST:

Prothonotary
cc:   William E. Otto, Esq.
      J. Allen Roth, Esq.
      John Tumolo, Esq.
      Dennis Del Cotto, Esq.

8

**pennsylvania** DEPARTMENT OF REVENUE (EX) MOD 04-19 (FI)

1830019105

**RECORDER'S USE ONLY**

| State Tax Paid: | |
|---|---|
| Book: | Page: |
| Instrument Number: | |
| Date Recorded: | |

## REV-183
BUREAU OF INDIVIDUAL TAXES
PO BOX 280603
HARRISBURG, PA 17128-0603

### REALTY TRANSFER TAX STATEMENT OF VALUE
COMPLETE EACH SECTION

### SECTION I

Date of Acceptance of Document

| Grantor(s)/Lessor(s) | Telephone Number | Grantee(s)/Lessee(s) | | Telephone Number |
|---|---|---|---|---|
| KATHLEEN S. WALTER, EXEC | | CHRISTINE BIROS | | |
| Mailing Address ESTATE MICHAEL SCHOR | | Mailing Address 3001 JACKS RUN ROAD | | |
| City | State | ZIP Code | City WHITE OAK | State PA | ZIP Code 15131 |

### SECTION II

| Street Address 14140 ROUTE 30 | | City, Township, Borough NORTH HUNTINGDON | |
|---|---|---|---|
| County WESTMORELAND | School District | Tax Parcel Number 54-03-10-0-103 | |

### SECTION III

Was transaction part of an assignment or relocation? ☐ YES ☐ NO

| 1. Actual Cash Consideration $325,000.00 | 2. Other Consideration + | 3. Total Consideration = $325,000.00 |
|---|---|---|
| 4. County Assessed Value 46,410.00 | 5. Common Level Ratio Factor x 8.13 | 6. Computed Value = 377,313.30 |

### SECTION IV

| 1a. Amount of Exemption Claimed $325,000.00 | 1b. Percentage of Grantor's Interest in Real Estate 18.75% | 1c. Percentage of Grantor's Interest Conveyed 100 % |
|---|---|---|

2. Check Appropriate Box Below for Exemption Claimed.

☐ Will or intestate succession. _____ (Name of Decedent) _____ (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement and all amendments.)

☐ Transfer from a trust. (Attach complete copy of trust agreement and all amendments.)

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☑ Other (Provide a detailed explanation of exemption claimed. If more space is needed attach additional sheets.)

PER ORDER OF COURT ATTACHED, PRIOR DEED FROM GRANTOR DECLARED VOID AB INITO. TRANSFER TAX WAS PAID ON SUCH DEED

### SECTION V

| Name WILLIAM E. OTTO, ESQ | | Telephone Number 724-519-8728 |
|---|---|---|
| Mailing Address PO BOX 701 | City MURRYSVILLE | State PA | ZIP Code 15668 |

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date 1/25/2022 |
|---|---|

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

1830019105      1830019105