# EXHIBIT 9

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Westmoreland _____ **County**

| For Prothonotary Use Only: |
|---|
| Docket No: 4886 of 2017 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

<table>
<tr><td colspan="2">

**S E C T I O N   A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

</td></tr>
</table>

**Commencement of Action:**
- ☒ Complaint     ☐ Writ of Summons     ☐ Petition
- ☐ Transfer from Another Jurisdiction     ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Christine Biros | Denise Schur, Executrix of the Estate of Alex Schur, et al |

| Are money damages requested? ☒ Yes   ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit?* ☐ Yes   ☒ No | Is this an *MDJ Appeal?* ☐ Yes   ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney:  William E. Otto, Esq.

☐   **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**S E C T I O N   B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
  _____

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
  _____

- ☐ Other: _____
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
  _____

- ☐ Zoning Board
- ☐ Other: _____
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☒ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____
  Lis Pendens

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY PENNSYLVANIA

CIVIL

WESTMORELAND COUNTY CIVIL COVER SHEET

**CHRISTINE BIROS**

Judge: Scherer

Case No. 4886 of 2017

Counsel: **WILLIAM E. OTTO, ESQ.**

Plaintiff(s)

Representing: **PLAINTIFF - CHRISTINE BIROS**

vs.

Pa. I.D. No. : 32716

DENISE SCHUR, Executrix of

Firm: **LAW FIRM OF WILLIAM E. OTTO, ESQ.**

the Estate of Alex Schur, et al.

Address: **P.O. BOX 701**
**MURRYSVILLE, PA 15668**

Defendant(s)

Phone No.  (724) 519-8778

Fax No.

E-mail  weo@ottolawfirm.com

PLEASE ANSWER THE FOLLOWING:

1. Is the Amount In Controversy Less Than $30,000?  ☐ Yes  ☑ No

2. Does This Case Involve Discovery of Electronically Stored Information?  ☐ Yes  ☑ No

3. Does This Case Involve a Construction Project?  ☐ Yes  ☑ No

ENTRY OF APPEARANCE

TO THE PROTHONOTARY: Please enter my appearance on behalf of the Plaintiff/Petitioner/Appellant. Papers may be served at the address set forth above.

Signature: _____  Date: 10/4/2017

Original – Prothontary                    Copies - Judge and Opposing Counsel

Revised 5/26/2010

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**

**CHRISTINE BIROS,** an individual,

       Plaintiff,

vs.

**DENISE SCHUR,** Executrix of the **ESTATE OF ALEX SCHUR, HENRY L. MOORE and SUSAN STANO,** Co-Executors of the **ESTATE OF NICHOLAS SCHUR, KATHLEEN S. WALTER,** Executor of the **ESTATE OF MICHAEL SCHUR, CYNTHIA SARRIS,** Administrator of the **ESTATE OF ANN SARRIS** and **U LOCK INC.,** a Pennsylvania corporation,

       Defendants.

CASE NO. 4886 of 2017

**COMPLAINT IN CIVIL ACTION FOR DECLARATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE, TO QUIET TITLE AND FOR AN ACCOUNTING**

**LIS PENDENS**

Filed on Behalf of Plaintiff:
Christine Biros

Counsel of Record

William E. Otto, Esq.
PA I.D. #32716
P.O. Box 701
Murrysville, PA 15668
office: (724) 519-8778

I hereby certify that the actual location of the parcel of real property is in the Township of North Huntingdon, County of Westmoreland, Commonwealth of Pennsylvania and known as Tax Map No. 54-03-10-0-103.

William E. Otto, Esq., Counsel for Plaintiff

PROTHONOTARY
CHRISTINA O'BRIEN

2017 OCT -4 PM 12: 39

WESTMORELAND COUNTY
PROTHONOTARY'S OFFICE
FILED IN

1

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**

**CHRISTINE BIROS**, an individual,

      Plaintiff,

vs.

**DENISE SCHUR,** Execuutrix of the **ESTATE OF ALEX SCHUR, HENRY L. MOORE and SUSAN STANO,** Co-Executors of the **ESTATE OF NICHOLAS SCHUR, KATHLEEN S. WALTER,** Executor of the **ESTATE OF MICHAEL SCHUR, CYNTHIA SARRIS,** Administrator of the **ESTATE OF ANN SARRIS** and **U LOCK INC.,** a Pennsylvania corporation,

      Defendants.

CASE NO. 4886 of 2017

**COMPLAINT IN CIVIL ACTION FOR DECLARATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE, TO QUIET TITLE AND FOR AN ACCOUNTING**

**LIS PENDENS**

### NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**LAWYER REFERRAL SERVICE**
**WESTMORELAND BAR ASSOCIATION**
**P.O. BOX 565**
**GREENSBURG, PA 15601**
**TELEPHONE: (724) 834-8490**
**HTTP://LRS.WESTBAR.ORG**

### IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

**CHRISTINE BIROS,** an individual,

        Plaintiff,

vs.

**DENISE SCHUR,** Executrix of the **ESTATE OF ALEX SCHUR, HENRY L. MOORE and SUSAN STANO,** Co-Executors of the **ESTATE OF NICHOLAS SCHUR, KATHLEEN S. WALTER,** Executor of the **ESTATE OF MICHAEL SCHUR, CYNTHIA SARRIS,** Administrator of the **ESTATE OF ANN SARRIS** and **U LOCK INC.,** a Pennsylvania corporation,

        Defendants.

CASE NO. 4886 of 2017

**COMPLAINT IN CIVIL ACTION FOR DECLARATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE, TO QUIET TITLE AND FOR AN ACCOUNTING**

**LIS PENDENS**

### COMPLAINT IN CIVIL ACTION FOR DECLARATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE, TO QUIET TITLE AND FOR AN ACCOUNTING

AND NOW comes Plaintiff Christine Biros, by and through her attorney, William E. Otto, Esq., and files the herein Complaint in Civil Action for Declaratory Judgment and Equitable Action to Convey Title, to Quiet Title and for an Accounting as follows:

1.      Plaintiff Christine Biros is an individual with a mailing address of 435 Millers Lane, Plum, PA 15239.

2.      Defendant Denise Schur, Executrix of the Estate of Alex Schur, is an individual with an address of 8700 Cleveland Road, Creston, OH 44217.

3.      Defendant Henry L. Moore, Co-Executor of the Estate of Nicholas Schur, is an individual with a business address of 310 Keystone Commons, 35 West Pittsburgh Street, Greensburg, PA 15601.

3

4.     Defendant Susan Stano, Co-Executor of the Estate of Nicholas Schur, is an individual with an address of 31856 Lake Drive, Avon Lake, OH 44012.

5.     Defendant Kathleen S. Walter, Executor of the Estate of Michael Schur, is an individual with an address of 3 Ridge Court, Saratoga Springs, NY 12866.

6.     Defendant Cynthia Sarris, Administrator of the Estate of Ann Sarris, is an individual with an address of 14249 Hiland Place, Irwin, PA 15642.

7.     Defendant U Lock Inc. ("U Lock") is a Pennsylvania corporation with a principal business address of 14140 Route 30, North Huntingdon, PA 15642.

8.     Defendant Denise Schur, Executrix of the Estate of Alex Schur, Defendants Henry L. Moore and Defendant Susan Stano, Co-Executors of the Estate of Nicholas Schur, Defendant Kathleen S. Walter, Executor of the Estate of Michael Schur and Defendant Cynthia Sarris, Administrator of the Estate of Ann Sarris (collectively, the "Owners") are the current owners of real property situate at 14140 Route 30, North Huntingdon, PA 15642 with a County Tax Map No. 54-03-10-0-103 (the "Property").

9.     On July 16, 2015 (the "Payment Date"), Plaintiff Christine Biros paid the sum of Three Hundred Nine Thousand Two Hundred Thirteen and 30/100 Dollars ($309,213.30) (the "Purchase Price") to Owners as consideration for the Property. Copies of such checks are attached hereto as Exhibit "A" and are incorporated herein.

10.     Plaintiff believes and therefore avers that on the Payment Date, four (4) deeds were delivered to Defendant U Lock (the "Deeds") by Defendant Owners.

11.     Plaintiff believes and therefore avers that each of the four (4) Deeds purported to transfer title to a different percentage interest in the Property to Defendant U Lock.

4

12.     Only one (1) of such Deeds has been recorded. A copy of such Deed is attached

hereto as Exhibit "B" and is incorporated herein.

13.     Defendant U Lock is a Pennsylvania corporation which was incorporated on

September 24, 2015. A certified copy of the Articles of Incorporation for U Lock Inc. are

attached hereto as Exhibit "C" and are incorporated herein.

14.     Defendant U Lock was not in existence on the Payment Date.

### COUNT I – DECLARATORY JUDGMENT

15.     The averments set forth above are incorporated as if fully set forth herein.

16.     Pursuant to Section 7533 of the Declaratory Judgments Act, 42 Pa C.S. § 7533,
"Any person interested under a deed…or other writings constituting a contract, or
whose rights, status or other legal relations are affected by a…contract,…may
have determined any question of construction or validity arising under the
instrument or contract,…and obtain a declaration of rights, status or other legal
relations thereunder." 42 Pa.C.S. § 7533.

17.     Plaintiff Christine Biros believes and therefore avers that on the Payment Date,

Defendant Owners delivered the four (4) Deeds to Defendant U Lock purporting to convey title

to the Property to Defendant U Lock.

18.     On the Payment Date, Defendant U Lock had not been incorporated and therefore

did not exist as a corporation.

19.     Pursuant to Pennsylvania case law, such Deeds are *void ab initio*, Africa, et al. v.

Trexler, 232 Pa. 493, 499, 81 A. 707 (Pa. 1911); Borough of Elizabeth v. Aim Sher Corporation,

316 Pa.Super. 97, 99, 462 A.2d 811, 812 (Pa.Super. 1983); Lester Associates v. Commonwealth

of Pennsylvania, 816 A.2d 394, 397, 399 (Pa. Commonwealth 2003).

20.     Since the Deeds purporting to convey title to Defendant U Lock dated the

Payment Date are *void ab initio*, no transfer of title has taken place.

5

21. Pursuant to Pennsylvania law, Defendant Owners remain the owners in fee simple of the Property.

**WHEREFORE**, Plaintiff Christine Biros prays this Honorable Court enter an order in favor of Plaintiff Christine Biros as follows:

(i) Declaring that any deeds conveying title to Defendant U Lock by Defendant Owners on the Payment Date are *void ab initio*;

(ii) Declaring that Defendant Owners are still the owners in fee simple of the Property;

(iii) Declaring that Plaintiff Christine Biros delivered the Purchase Price to Defendant Owners on the Payment Date;

(iv) Declaring that Defendant Owners have received full consideration for the title to the Property; and

(v) Declaring that Plaintiff Christine Biros is the equitable owner of the Property.

## COUNT II – EQUITABLE ACTION TO COMPEL CONVEYANCE OF TITLE

22. The averments set forth above are incorporated as if fully set forth herein.

23. Plaintiff Christine Biros paid Defendant Owners the Purchase Price for the Property on the Payment Date. See Exhibit "A".

24. Defendant U Lock did not pay any portion of the Proceeds to Defendant Owners.

25. Defendant U Lock has not paid any of the Proceeds to Plaintiff Christine Biros.

26. Since Defendant Owners have received payment in full for the Property, Defendant Owners are obligated to convey title to a purchaser.

27. Since Plaintiff Christine Biros paid the Proceeds to Defendant Owners, she is equitably entitled to receive legal, fee simple title to the Property from Defendant Owners.

28.     Since they have been paid in full, no harm will result to Defendant Owners by being compelled to convey title to the Property to Plaintiff Christine Biros.

29.     Since they have paid no consideration to either Plaintiff Christine Biros or Defendant Owners, no harm will result to Defendant U Lock if title is conveyed to Plaintiff Christine Biros.

**WHEREFORE**, Plaintiff Christine Biros prays this Honorable Court enter an order in favor of Plaintiff Christine Biros compelling Defendant Owners to convey fee simple title to the Property by deed to Plaintiff Christine Biros.

### COUNT III – QUIET TITLE

30.     The averments set forth above are incorporated as if fully set forth herein.

31.     Plaintiff Christine Biros wishes to eliminate any cloud upon or doubt as to the true holder of title to the Property.

32.     Defendant U Lock has recorded one deed purporting to convey an Eighteen and 75/100 Percent (18.75%) interest in the Property from Kathleen S. Walter, Executrix of the Estate of Michael Schur, to U Lock Inc. A copy of such Deed is attached hereto as Exhibit "B".

33.     Since Defendant U Lock was not in existence on the date of such deed, such deed is *void ab initio*.

34.     Plaintiff believes and therefore avers that Defendant U Lock has three other deeds similarly purporting to convey title from Defendant Owners to Defendant U Lock.

35.     All such Deeds are *void ab initio*. Africa, et al.; Borough of Elizabeth; Lester Associates.

**WHEREFORE**, Plaintiff Christine Biros prays this Honorable Court enter an order in favor of Plaintiff Christine Biros as follows:

7

(i)      Declaring that certain deed conveying a portion of the Property to Defendant U

Lock from Kathleen S. Walter, Executrix of the Estate of Michael Schur, and recorded in the

Office of the Recorder of Deeds of Westmoreland County at Instrument No. 201704040010760

to be *void ab initio* and of no further force and effect;

(ii)      Declaring that any and all deeds executed by any one or all of Defendant Owners

purporting to convey title to Defendant U Lock on the Payment Date to be null and *void ab initio*

and of no further force and effect;

(iii)     Declaring that Plaintiff Christine Biros is entitled to the quiet, exclusive,

uninterrupted and peaceful possession and quiet enjoyment of the Property;

(iv)     Declaring that Defendant U Lock does not hold any property interest in the

Property, whether in trust or otherwise;

(v)      Quieting title to the Property in favor of Plaintiff Christine Biros and against

Defendant U Lock, its successors and assigns, in and to the Property and all persons claiming

under Defendant U Lock by reason of the Deeds, and that Defendant U Lock, its successors and

assigns, and any and all persons claiming under them have no estate, right, title, lien or interest in

or to said Property or any part thereof by reason of the Deeds or otherwise; and

(vi)     Awarding to Christine Biros from Defendant U Lock her attorney's fees, costs of

suit and such other relief which the Court deems just and proper.

### COUNT IV – ACCOUNTING

36.     The averments set forth above are incorporated as if fully set forth herein.

37.     Plaintiff Christine Biros believes and therefore avers that from and after the

Payment Date, Defendant U Lock has been in possession of the Property.

8

38.     Plaintiff Christine Biros believes and therefore avers that from and after the
Payment Date, Defendant U Lock has been collecting rents from tenants and licensees of the
Property.

39.     Plaintiff Christine Biros believes and therefore avers that Defendant U Lock has
collected substantial sums from such tenants.

40.     Since Defendant U Lock has no legal or equitable ownership in the Property,
Defendant U Lock should account for all sums collected from tenants of the Property since the
Payment Date.

**WHEREFORE**, Plaintiff Christine Biros prays this Honorable Court enter an order in
favor of Plaintiff Christine Biros:

(i)     That Defendant U Lock shall within thirty (30) days deliver a rent roll of all
tenants of the Property from the Payment Date through a date set by the Court;

(ii)    That Defendant U Lock shall within thirty (30) days deliver a full accounting of
all sums collected from each tenant of the Property;

(iii)   That Defendant U Lock shall within thirty (30) days deliver all such sums into
escrow pending resolution of this case;

(iv)    That all sums collected thereafter by Defendant U Lock from the Property be
placed in escrow pending resolution of this case; and

(v)     Awarding to Christine Biros from Defendant U Lock her attorney's fees, costs of
suit and such other relief which the Court deems just and proper.

Respectfully submitted,

William E. Otto, Esq.
Attorney for Plaintiff

9

FORM 09247-1192

00100189

### CASHIER'S CHECK

**PNC BANK**
PNC Bank, National Association
Pittsburgh, Pennsylvania

**No. 7334089**

8-9/430

DATE JULY 16, 2015

PAY TO THE
ORDER OF **ESTATE OF NICHOLAS A SCHIR, DECEASED**        $ **135,280.83**

******************************135,280.83****************************** **DOLLARS**

**CHRISTINE BIRDS**
REMITTER

PNC Bank, National Association

OFFICIAL SIGNATURE

---

ENDORSE HERE

J0004

REMARKS:
20150716
00000000
000000000009020200

KAREN D MOORE

P4-P032-01-1

EXHIBIT

A

FORM 02242-111E
DD100189

**CASHIER'S CHECK**

**PNCBANK**
PNC Bank, National Association
Pittsburgh, Pennsylvania

**No. 7334088**

8-9/430

DATE JULY 16, 2015

PAY TO THE ORDER OF **ESTATE OF ANNE SORRIS, DECEASED**      $  57,977.49

**FIFTY SEVEN THOUSAND NINE HUNDRED SEVENTY SEVEN AND 49 / 100**      DOLLARS

**CHRISTINE BIPOS**
REMITTER

PNC Bank / National Association

OFFICIAL SIGNATURE

FSC
MIX
Paper from
responsible sources
FSC° C106317

ENDORSE HERE

DO NOT WRITE, STAMP OR SIGN
RESERVED FOR FINANCIAL

BELOW THIS LINE
INSTITUTION USE

....003
TMAM...

KAREN D MOORE

P4-P032-01-1

**CASHIER'S CHECK**

⬡ **PNC BANK**
PNC Bank, National Association
Pittsburgh, Pennsylvania

**No. 7334087**

DATE JULY 16, 2015

PAY TO THE
ORDER OF  ESTATE OF ALEX SCHUR, DECEASED                    $  57,977.49

FIFTY SEVEN THOUSAND NINE HUNDRED SEVENTY SEVEN AND 49 / 100  DOLLARS

CHRISTINE BIROS

PNC Bank, National Association

OFFICIAL SIGNATURE

ENDORSE HERE
For Deposit Only

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

1MANGR 02
20150810 Acct

VOUUUUUUUU09020200

KAREN D MOORE

P4-P032-01-1



CASHIER'S CHECK

**PNCBANK**
PNC Bank, National Association
Pittsburgh, Pennsylvania

No. 7334086

DATE July 16, 2015

PAY TO THE ORDER OF ESTATE OF MICHAEL SCHUP, DECEASED      $ 57,977.49

FIFTY SEVEN THOUSAND NINE HUNDRED SEVENTY SEVEN AND 49 / 100 DOLLARS

CHRISTINE BIROS

PNC Bank, National Association

OFFICIAL SIGNATURE

Wells Fargo Bank
86023924457 at Wells Fargo Bank
VANGUARD 158

KAREN D MOORE

P4-P032-01-1



I hereby CERTIFY
that this document is recorded
in the RECORDERS OFFICE
of Westmoreland County
Pennsylvania

Tom Murphy • Recorder of Deeds

# THIS INDENTURE

**MADE** this *Ninth* day of *July* , 2015.

**BETWEEN:**   **KATHLEEN S. WALTER,** Executrix of the Estate of Michael Schur,
Deceased, of Allegheny County, Pennsylvania,
Grantor and party of the first part, and

**AND**

**U-LOCK, INC., a Pennsylvania Corporation,**
Grantee and party of the second part;

```
201704040010760
04/04/2017 1:35:42PM T20170012187
PA TRF TAX          $3250.00
NORWIN              $1625.00
N HUNTINGDON TWP    $1625.00
TOTAL TAX           $6500.00
```

WHEREAS, MICHAEL SCHUR, Deceased, became seized of the
property hereinafter described by the following deeds: (i) Deed dated January 27, 1989, and
recorded February 7, 1989 in Westmoreland County in Deed Book Volume 2858, Page 381, from
Nicholas Schur, et al., conveyed onto Nicholas Schur, single (40%), Margaret Schur (15%), Ann
Sarris (15%), Alex Schur (15%), and Michael Schur (15%), in fee; and (ii) The said Margaret
Schur, widow, conveyed her entire interest to Nicholas Schur, Ann Sarris, Alex Schur, and Michael
Schur by her deed dated August 9, 1999, and recorded in the Office of the Recorder of Deeds of
Westmoreland County, Pennsylvania in Deed Book Volume 3697, Page 048.

WHEREAS, MICHAEL SCHUR died testate on October 27, 2007; and,

WHEREAS, KATHLEEN S. WALTER was appointed Executrix of the
Estate of MICHAEL SCHUR in proceedings in the Orphans' Court of the Court of Common
Pleas of Allegheny County, Pennsylvania at Docket #02-07-06289 on November 1, 2007.

WHEREAS, the said KATHLEEN S. WALTER, Executrix of the Estate
of Michael Schur, Deceased, has the power and authority to convey the real estate hereinafter
described by virtue of Section 3351 of the Probate, Estates, and Fiduciaries Code, as amended.

NOW THIS INDENTURE WITNESSETH, that the said Grantor for and in consideration
of the sum of **SIXTY THOUSAND, NINE HUNDRED THIRTY-SEVEN AND 50/100
DOLLARS, ($60,937.50)** representing **18.75%** of the total  consideration of THREE HUNDRED
TWENTY FIVE THOUSAND DOLLARS ($325,000.00), to her now paid by the party of the
second part at or before the signing of and delivery hereof, the  receipt whereof is hereby
acknowledged, have granted, bargained, sold aliened, released and confirmed and by these
presents do grant, bargain, sell and convey unto the said party of the second part, its successors
and assigns **18.75%** of the following described real estate:

ALL that certain parcel of land situate in North Huntingdon Township, Westmoreland
County, Pennsylvania, bounded and described according to a property survey for Nick Schur,
prepared by Barry E. Sakal, Land Surveyor, dated December, 1986, as follows, to wit:

**EXHIBIT**
**B**

```
Instr:201704040010760      04/04/2017
P:1 of 5    F:$91.50         1:35PM
Tom Murphy          T20170012187
Westmoreland County RecorderC
```

UPI  54—08485—0000

MAP 54-03-10-0-103

Beginning at a point in the centerline of U.S. Route 30, at the dividing line between property now or formerly of Oddo-Keddie, Inc., and property herein described; thence S 24 degrees 0 minutes E, 335.11 feet to a point; thence S 63 degrees 26 minutes W, 175.60 feet to a point; thence S 14 degrees 50 minutes E, 265.17 feet to a point; thence S 25 degrees 17 minutes E, 250 feet to a point; thence S 64 degrees 43 minutes W, 26.95 feet to a point; thence S 25 degrees 17 minutes E, 86.59 feet to a point; thence S 69 degrees 06 minutes W, 149.27 feet to a point; thence S 25 degrees 17 minutes E, 200 feet to a point; thence S 69 degrees 06 minutes W, 542.81 feet to a point; thence N 34 degrees 0 minutes W, 1,093.47 feet to a point; thence N 64 degrees 35 minutes E, 1,113.59 feet to a point, the place of beginning;

EXCEPTING AND RESERVING the out sale of property on February 27, 1989, described and recorded on March 14, 1989, in Deed Book Volume 2864, Pages 315 to 317, from Nicholas Schur, Margaret Schur, Ann Sarris, Alex Schur and Mildred Schur, his wife, and Michael Schur and Anne Schur, his wife, to James S. Whelan.

The premises hereby conveyed are subject to the following exceptions:

1. Unrecorded easements, discrepancies, or conflicts in boundary lines, shortages in areas or in encroachments, which an accurate survey would disclose.
2. Under and subject to conditions, restrictions, rights-of-way, and easements of record.
3. All previously conveyed or transferred oil, gas, coal, hydrocarbons and mining rights, and other leases and rights of way of record pertaining thereto.

**ALSO EXCEPTING AND RESERVING unto the Grantor, all of Grantor's interest in the coal, gas, oil, and all hydrocarbons and all other minerals underlying the above-described land, whatever that interest may be.**

**BEING** Tax Map Number 54-03-10-0-103.

**BEING** the same property conveyed to the Seller/Grantor herein by deed of Nicholas Schur, Margaret Schur, Ann Sarris, Alex Schur, and Michael Schur, dated January 27, 1989, and recorded in the Officer of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 2858, Page 381. The said Margaret Schur, widow, conveyed her entire interest to Nicholas Schur, Ann Sarris, Alex Schur, and Michael Schur by her deed dated August 9, 1999, and recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania in Deed Book Volume 3697, Page 048.

**PURSUANT TO SECTION 405 OF THE SOLID WASTE MANAGEMENT ACT OF 1980 THE GRANTORS HEREBY STATE THAT THEY HAVE NO KNOWLEDGE OF ANY HAZARDOUS WASTE WHICH IS PRESENTLY BEING DISPOSED OF OR HAS EVER BEEN DISPOSED OF ON THE ABOVE-DESCRIBED LAND OR ANY PART THEREOF.**

Instr:201704040010750          04/04/2017
P:2 of 5          F:$91.50     1:35PM
Tom Murphy                  T201708012107
Westmoreland County RecorderC

TOGETHER with the appurtenances, TO HAVE AND TO HOLD the same unto and for the use of the said party of the second part for itself, its successors and assigns, forever.

AND the said KATHLEEN S. WALTER, Executrix of the Estate of Michael Schur, Deceased, covenants, promise and agrees with the said party of the second part, its successors and assigns, by these presents that she, the said party of the first part have not done, committed, or knowingly or willingly suffered to be done or committed any act, matter, or thing whatsoever, whereby the premises hereby granted or any part thereof, is, are, shall or may be impeached, charged, or encumbered, in title, charge, estate, or otherwise howsoever.

**NOTICE - THIS DOCUMENT MAY NOT/DOES NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE/HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT, OR MODIFY ANY LEGAL RIGHTS OR ESTATE OTHERWISE CREATED, TRANSFERRED, EXCEPTED, OR RESERVED BY THIS INSTRUMENT. (This notice is set forth in the manner provided in Section 1 of the Act of July 17, 1957, P.L. 984, as amended, and is not intended as notice of unrecorded instruments, if any.)**

IN WITNESS WHEREOF, the said KATHLEEN S. WALTER, Executrix of the Estate of MICHAEL SCHUR, has hereunto set her hand and seal the day and year first above written.

WITNESS:

_____

_____ (SEAL)
KATHLEEN S. WALTER, EXECUTRIX
OF THE ESTATE OF MICHAEL SCHUR

Instr:201704040010760    04/04/2017
P:3 of 6    F:$91.50    1:35PM
Tom Murphy    T20170012187
Westmoreland County RecorderC

COMMONWEALTH/STATE OF *New York* )

                                          ) SS:

COUNTY OF *Saratoga*                      )

On this the ___9th___ day of ___July___, 2015, before me the undersigned authority, personally appeared

        KATHLEEN S. WALTER, EXECTURIX OF THE ESTATE OF
        MICHAEL SCHUR, DECEASED

known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

*[signature]*

*Notary Public*

Title of Officer

MY COMMISSION EXPIRES:

        JoANN GALLUCCI
    Notary Public - State of New York
          No. 01GA4817579
    Qualified in Schenectady County
  My Commission Expires Aug. 31, 2018

Instr:201704040010760      04/04/2017
P:4 of 5      F:$91.50      1:35PM
Tom Murphy              T201700012107
Westmoreland County RecorderC

**NOTICE: The undersigned, as evidenced by the signature(s) to this Notice and the acceptance and recording of this Deed (is, are) fully cognizant of the fact that the undersigned may not be obtaining the right of protection against subsidence, as to the property herein conveyed, resulting from coal mining operations and that the purchased property, herein conveyed, may be protected from damage due to mine subsidence by a private contract with the owners of the economic interest in the coal. This Notice is inserted herein to comply with the Bituminous Mine Subsidence and Land Conservation Act of 1966.**

WITNESS:

_____

_____
By:

    The undersigned hereby certifies that the precise residence address of the grantee herein is as follows:

KASH SNYDER   ~ , DIRECTOR U LOCK INC.

~~Box 476 N Versailles PA 15137~~ K.S
GRANTEE   14140 US Rt 30
N. HUNTINGDON PA 15642



Instr:201704040018760      04/04/2017
P:5 of 5      F:$91.50      1:35PM
Tom Murphy      T20170012187
Westmoreland County RecorderC

# COMMONWEALTH OF PENNSYLVANIA

## DEPARTMENT OF STATE

### 08/24/2017

TO ALL WHOM THESE PRESENTS SHALL COME, GREETING:

U Lock Inc

I, Pedro A. Cortés, Secretary of the Commonwealth of Pennsylvania, do hereby certify that the foregoing and annexed is a true and correct copy of

Creation Filing filed on Sep 4, 2015 – Pages (2)

which appear of record in this department.



IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Seal of the Secretary's Office to be affixed, the day and year above written



Secretary of the Commonwealth

Certification Number: TSC170824141120-1

Verify this certificate online at http://www.corporations.pa.gov/orders/verify

EXHIBIT
C

Entity # : 5752384
Date Filed : 09/04/2015
Pedro A. Cortés
Secretary of the Commonwealth

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

☐ Return document by mail to:

Name  KASH SNYDER

14140 Rt 30

Address

N HUNTINGDON    PA    15642

City                State        Zip Code

☑ Return document by email to: KASHSNYDER@HOTMAIL.com

**Articles of Incorporation - For Profit**
DSCB:15-1306/2102/2303/2702/2903/3101/3303/7102
(rev. 7/2015)

TFA150916JF1164

Read all instructions prior to completing. This form may be ~

Fee: $125

Check only one:    ☑ Business-stock (§ 1306)       ☐ Management (§ 2703)       ☐ Benefit (§ 3303)
                   ☐ Business-nonstock (§ 2102)     ☐ Professional (§ 2903)      ☐ Cooperative (§ 7102)
                   ☐ Business-statutory close (§ 2303)  ☐ Insurance (§ 3101)

In compliance with the requirements of the applicable provisions (relating to corporations and unincorporated associations), the undersigned, desiring to incorporate a corporation for profit, hereby states that:

1. The name of the corporation (corporate designator required, i.e., "corporation," "incorporated," "limited," "company," or any abbreviation thereof. "Professional corporation" or "P.C." permitted for professional corporations):

   U LOCK INC

2. Complete part (a) or (b) — not both:

(a) The address of this corporation's proposed registered office in this Commonwealth is:
    (post office box alone is not acceptable)

   14140 Rt 30    N HUNTINGDON    PA    15642
   Number and Street      City        State      Zip        County

(b) The name of this corporation's commercial registered office provider and the county of venue is:

c/o:
Name of Commercial Registered Office Provider                    County

3. The corporation is incorporated under the provisions of the Business Corporation Law of 1988.

4. Check and complete one:
   ☐ The corporation is organized on a nonstock basis.
   ☑ The corporation is organized on a stock share basis and the aggregate number of shares authorized is:
      999 999 999

DSCB:15-1306/2102/2303/2702/2903/3101/3303/7102 – 2

5. The name and address, including number and street, if any, of each incorporator (all incorporators must sign below):

Name                    Address

KASIA SNYDER    14140 Rt. 30 N HUNTINGDON PA 15642

6. The specified future effective date, if any: _____
                                                month/day/year   hour, if any

7. Additional provisions of the articles, if any, attach an 8½ by 11 sheet.

8. Statutory close corporation only: Neither the corporation nor any shareholder shall make an offering of any of its shares of any class that would constitute a "public offering" within the meaning of the Securities Act of 1933 (15 U.S.C. § 77a et seq.)

9. For Cooperative Corporation Only.
Check and complete one:
____ The corporation is a cooperative corporation and the common bond of membership among its members is: _____
____ The corporation is a cooperative corporation and the common bond of membership among its shareholders is: _____

10. Benefit corporations only: This corporation shall have the purpose of creating general public benefit.

Strike out if inapplicable: This corporation shall have the purpose of creating the enumerated specific public benefit(s): _____

IN TESTIMONY WHEREOF, the incorporator(s) has/have signed these Articles of Incorporation this

3rd day of September 2015.

_____
Signature

_____
Signature

_____
Signature

## VERIFICATION

The undersigned, Christine Biros, avers that the statements of fact contained in the within Complaint in Civil Action are true and correct to the best of her knowledge, information and belief, that the Exhibits attached to the Complaint are true and correct copies of the originals and that said statements are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Christine Biros

10