UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>U LOCK INC.,<br>    Debtor. | Bankr. No. 22-20823-GLT<br><br>Chapter 7 |
| SHANNI SNYDER, as assignee of Robert Slone, Chapter 7 Trustee for U Lock, Inc.,<br><br>    Plaintiff,<br>v.<br>CHRISTINE BIROS, and the BIROS IRREVOCABLE LIFE INSURANCE TRUST,<br>    Defendants. | Adv. Pro. No. 23-02020<br><br>Related to Doc. No. 17 |

**BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 7012(B)(6) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

And now comes Christine Biros ("Biros") and the Biros Irrevocable Life Insurance Trust (the "Trust" together with Biros, the "Defendants"), and files this *Brief in Support of Motion to Dismiss Amended Complaint Pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure* (the "Motion to Dismiss"), seeking dismissal of the *Amended Complaint* filed by Shanni Snyder, as assignee of Robert Slone, Chapter 7 Trustee for U Lock, Inc., (the "Amended Complaint"), and avers as follows:

**INTRODUCTION**

The Plaintiff's Amended Complaint suffers from the same fatal flaws as the original complaint. In fact, if anything, the Amended Complaint only solidifies the fact that the relief sought by the Plaintiff has already been fully litigated in the Pennsylvania state courts. The Amended Complaint contains nothing that disputes or changes the fact that a determination of proper ownership of the Property was made in favor of Biros, after a trial on the merits, and that such determination has been affirmed on appeal and is now a final, non-appealable order. Those are undisputed facts and the Amended Complaint contains no allegations that can or would change the legal effects of those facts.

The Plaintiff's Amended Complaint seeks a determination from this Court that has already been fully determined by a final non-appealable order of a Pennsylvania court of competent of jurisdiction. Namely, that the

Debtor had no interest in the subject Property[1] and that Biros is and always was the rightful owner of the Property. Plaintiff's unfounded Amended Complaint is nothing more than a collateral attack on that prior determination, and in any event the final legal determinations made in those prior proceedings prevent the Plaintiff from pleading a claim upon which relief can be granted. In sum, Plaintiff's claims are precluded and must be dismissed pursuant to the doctrines of res judicata and collateral estoppel, further because the alleged transfers occurred prior to applicable look back periods, and based directly on Rule 12(b) as a result of Plaintiff's failure to state a claim against Defendants.

## BACKGROUND

1. On July 16, 2015 deeds to the Property were delivered to Debtor. Four checks were issued by Biros to the previous owners in full compensation for their respective ownership interests in the Property.

2. One day prior, on July 15, 2015, Debtor attempted to file Articles of Incorporation but the application was returned by the Commonwealth of Pennsylvania Department of State by letter dated July 17, 2015 for insufficiency. The rejection letter stated that the original date of incorporation could be retained, provided that a corrected application was filed within thirty days. Debtor did not comply within thirty days. Accordingly, the deeds delivered to the Debtor on July 16, 2015 were void ab initio, and the sellers retained legal title to the Property. *See, Clarity Software, LLC v. Financial Independence Group, LLC*, 51 F. Supp. 3d 577, 588-589 (WD PA 2016).

3. On October 14, 2017, Biros initiated litigation over the ownership of the Property in the Court of Common Pleas of Westmoreland County (the "State Court") at Case No. 4886 of 2017 (the "State Court Action").

4. Corrective deeds to Debtor were filed with the Westmoreland County Recorder of Deeds on March 1, 2018.

5. A non-jury trial was held on April 29, 2019 during which George Snyder and Kash Snyder testified. Among other matters, they provided testimony that they had never paid anything for the Property. A true and correct copy of the transcript from the trial is attached hereto and incorporated herein as Exhibit "A" (the "Trial Transcript").

6. Immediately prior to the trial, the trial court dismissed the four estate sellers of the Property from the case, on the condition that they would each deliver a deed conveying the Property to Biros, to be held in escrow by the trial court, pending the outcome of the litigation. Those deeds (the "Deeds") were dated in May 2019 and delivered

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Dismiss.

to the trial court.

7. On August 22, 2019, the State Court issued an order in the State Court Action holding that the Property has been held in a constructive trust by Debtor for Biros' benefit since July 2015, that Biros is the equitable owner of the Property and that legal title to the Property shall be conveyed to Biros by execution of appropriate deeds (the "State Court Order"). *See*, Plaintiff's Exhibit B.

8. The State Court also held that the 2015 deeds to Debtor were void *ab initio* because Debtor was neither a de facto nor a de jure corporation at the time of the issuance of the original deeds. *See*, State Court Order, P. 5 ¶ 1.

9. The State Court issued an amended opinion on December 6, 2019 (the "Amended State Court Order"), which corrected certain factual issues and amending the State Court Order to provide that the first paragraph in the "Facts" section which states, "On July 16, 2015, the Subject Property was conveyed to Defendant U Lock" shall be modified to the following sentence: "On July 16, 2015, the Defendant Estates delivered deeds for the Subject Property to Defendant U Lock." Additionally, the Amended Order eliminated the references on pages 2 and 5 of as to the deeds delivered to Defendant U Lock and recorded as being "corrective deeds." A true and correct copy of the Amended State Court Order is attached hereto and incorporated herein as Exhibit "C".

10. Debtor appealed the decision of the State Court to the Pennsylvania Superior Court. On May 21, 2021, the Superior Court affirmed the decisions of the State Court and held that the State Court properly imposed a constructive trust. *See Biros v. U-Lock Inc.*, 255 A.3d 489 (Pa. Super. Ct. 2021).

11. The Debtor filed a petition with the Supreme Court of Pennsylvania to appeal the decisions of the State Court and Pennsylvania Superior Court. On January 19, 2022, the Supreme Court of Pennsylvania rejected the Debtor's petition. *See Biros v. U-Lock*, No. 259 WAL 2021, 2022 Pa. LEXIS 77\* (Pa. Jan. 19, 2022).

12. Debtor did not obtain a stay or supersedeas as to the State Court Orders.

13. Debtor did not appeal the State Court Orders to the United States Supreme Court, despite its request to stay remand of the record to allow it to file such appeal.

14. On January 24, 2022, subsequent to the Pennsylvania Supreme Court's denial of the appeal, the State Court released the Deeds, executed by the prior owners of the Property, in favor of Biros from escrow and said deeds

were recorded by Biros on January 25, 2022.

15. On or about March 18, 2022, Snyder filed a *lis pendens* action against the Property in Westmoreland County (the "Lis Pendens")[2].

16. In March 2022, Biros filed a motion in the State Court Action seeking to obtain possession of the Property from the Debtor and pursuing sanctions against Debtor's counsel.

17. The State Court held a hearing on April 22, 2022 (the "April 22nd Hearing") indicating that it was entering an order for possession of the Property in favor of Biros. A true and correct copy of the April 22nd Hearing Transcript is attached hereto and incorporated herein as Exhibit "D".

18. However, on April 27, 2022 and before the State Court entered an order for possession, Snyder filed an involuntary bankruptcy petition against Debtor initiating this case[3].

19. On December 15, 2022, Snyder purchased alleged "rights" and "interests" in the Property, as well as the ability to bring various claims and causes of action pursuant to 11 U.S.C. §§ 547 and 548, from the Trustee for $70,000 on December 15, 2022 (the "Sale"). It is through the Sale that Snyder brings this action, even though she has full knowledge of the state court decisions this Honorable Court's rulings regarding the Property as set forth below.

20. On December 22, 2022, Biros filed a Motion for Relief (the "Biros Motion for Relief") seeking to pursue her in rem state court rights and remedies against the Debtor with respect to the Property. Doc. No. 255. On January 5, 2023, Snyder filed a Motion to Enforce the Sale [Doc. No. 274], and an objection to the Biros Motion for Relief [Doc. No. 284] essentially arguing that Biros' filing of the Action to Quiet Title[4] was a violation of the automatic stay and Sale Order.

21. On January 27, 2023, this Honorable Court held hearings on several matters, including Biros' Motion for Relief and the Motion to Enforce the Sale (the "January 27th Hearings"). On January 27th, this Honorable Court entered an Order granting Biros relief from the Automatic Stay [Doc. No. 307] (the "Order Granting Relief"). This Honorable Court also entered an Order denying the Motion to Enforce Sale and in conjunction therewith, Snyder's

---

[2] As this Honorable Court is aware, the *Lis Pendens* is based on Snyder's Default Judgment obtained for alleged back wages due (the "Wage Claim").
[3] The history of the commencement of the involuntary petition and Snyder's basis for her claim has been well established and thus Biros will not recite the entire history herein.
[4] On December 21, 2022, Biros filed an action to quiet title against Snyder in the Court of Common Pleas of Westmoreland County, Pennsylvania at Case No. 4763 of 2022.

counsel agreed to strike the *Lis Pendens* (the subject of the Action to Quiet Title).

22.   Additionally, at the January 27th hearings, in ruling on the Biros Motion for Relief, the Judge stated on the record, "And, in addition, the Court recognizes and acknowledges the State Court Orders which determine that Biros is the owner of the real property. Accordingly, U Lock has no equity in the property[.]" A true and correct copy of the transcript from the January 27th Hearings is attached hereto and incorporated herein as Exhibit "E".

23.   Significantly, in connection with the Motion to Enforce, the Judge provided the basis for his reasoning that the *Lis Pendens* should be withdrawn with consent: "The initial question is, what rights did Shanni Snyder have as against the property as of April of 2022? And to the extent the State Court ruled that U Lock never owned the property, Ms. Snyder's judgment against U LOCK could not have attached to the property." Exhibit D, P. 24, 3:8.

24.   As has been soundly decided by the State Court and acknowledged by the Bankruptcy Court, the Property belongs to Biros. The Property was held in constructive trust for Biros, was conveyed to Biros from the prior owners pursuant to a final non-appealable order of the State Court and has never been property of this bankruptcy Estate. That has now been formally recognized by Judge Taddonio's Order Granting Relief. *See*, Doc. No. 307.

25.   On February 28, 2023, despite all of the foregoing facts, determinations, and court orders, Snyder filed her Complaint and thereafter filed the subject Amended Complaint.

    A.   **Allegations in the Amended Complaint**

        i.   *Alleged Transfer of Property*

26.   The Amended Complaint seeks to avoid and recover the Property from Biros pursuant to Sections 544, 547, 548, 550 of the Bankruptcy Code and 12 PA C.S. §§5104 and 5105.

27.   The Amended Complaint alleges nothing new that would in any way affect the fact that Biros was determined to be the proper owner of the Property. Not surprisingly, the new averments set forth in the Amended Complaint are nothing more than a generous serving of red herring. The Plaintiff makes much of the "stay of the remand" and pending appeals of state court orders that only addressed the timing and procedure for delivery of the Deeds to Biros. What the Amended Complaint continues to self-servingly ignore is the fact that proper ownership

of the Property was fully litigated, determined in favor of Biros, affirmed on appeal, and that no appellate rights remain available.

28.Plaintiff's amendments further appear to suggest that the State Court did not have the authority to enforce the State Court Order and permit the delivery of the Deeds because of the "pending" appeals at the time. However, Plaintiff ignores the fact that no stay or supersedeas as to the State Court Order was obtained, so the State Court was fully authorized to enforce its order and permit the release of the Deeds. See PA RAP 1702(b)(2). See also, e.g., *Deutsche Bank Nat. Co. v. Butler*, 868 A.2d 574, 577-78 (Pa. Super. 2005) (dismissing appeal as moot where property was conveyed by sheriff's deed because appellant did not comply with the conditions for a supersedeas).

29.Furthermore, the State Court judge specifically addressed such issues in his Order of Court Pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure dated June 28, 2022 (the "Rule 1925 Order"). A true and correct copy of the Rule 1925 Order is attached hereto as Exhibit "F" and made a part hereof. The Rule 1925 Order confirms that other appeals referenced by Plaintiff are irrelevant and have/had no effect on the finality of the State Court's determination of Biros' ownership of the Property. Accordingly, Plaintiff's lengthy averments regarding these issues are wholly irrelevant.

30.Despite the plethora of new distraction-based allegations in the Amended Complaint, the crux of the allegations continue to be that when Biros recorded deeds for the Property in January 26, 2022, the recordation of the deeds was a transfer of the Debtor's interest that could potentially be avoided under the Bankruptcy Code and/or state law. Likewise, the Amended Complaint alleges that when the Trust was granted a mortgage on the Property in or about February 2022, the recording of the mortgage was a transfer of interest of the Debtor and thus potentially avoidable under the Bankruptcy Code and/or state law (the "Alleged Transfers").

31.The Amended Complaint additionally alleges that Biros is an insider of the Debtor as (1) she acted as a director the enterprise [sic], (2) she acted as an officer of the enterprise; (3) she acted as a person in control of the enterprise; (4) she is a close relative of officers, directors and persons in control or who exerted control of the enterprise. See Amended Complaint at ¶81. Likewise, the Amended Complaint alleges the Trust is also an insider as a vehicle created by members of the Biros family to hold certain assets and thus an insider to the extent that the beneficiaries or control of the Trust are relatives of Biros. See Amended Complaint at ¶82.

32. Importantly, the Plaintiff does not allege (because she cannot) that the Property was not conveyed to Biros pursuant to a final, non-appealable court order that was entered following a trial on the merits of the Property's rightful ownership or that the Debtor held the Property in a constructive trust for the benefit of Biros. These facts and legal issues were finally determined by the State Court and are not in dispute. Because Plaintiff cannot allege anything to the contrary, Plaintiff cannot state and has not stated a claim upon which relief can be granted.

33. Furthermore, Plaintiff cannot even properly allege that the Debtor made any transfer to Biros. In fact, as made clear in the State Court Order, the Property was conveyed to Biros by deeds from the prior owners of the Property. The Debtor held the Property in a constructive trust for Biros and the Property was properly conveyed to Biros directly from the prior owners.

34. Lastly, with regard to the Trust's Mortgage, said Mortgage was delivered and recorded after the Property was deeded to Biros pursuant to the State Court Order. Accordingly, the Mortgage could not have constituted a transfer of any interest of the Debtor because it had already been fully and finally determined that the Debtor had no such interest and that Biros was the rightful owner of the Property. Again, Plaintiff's claims against the Trust are asserted in complete disregard for the State Court Order and the clear reality that Biros, and only Biros, held the equitable and legal title to the Property.

      ii.    ***Alleged Debtor Insiders***

35. The Amended Complaint further alleges that the Defendants are or were insiders of the Debtor. However, the Amended Complaint fails to make any factual averments that would support a claim that either Biros or the Trust are insiders of the Debtor. Furthermore, the record in this and other proceedings clearly indicates the opposite.

36. The United States Bankruptcy Code, Section 101(31) defines an insider as follows: (B) if the debtor is a corporation – (i) Director of the debtor; (ii) officer of the debtor; (iii) person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or (vi) relative of a general partner, director, officer or person in control of the Debtor.

37. Neither Biros nor the Trust now are or ever have been officers or directors of the Debtor nor related to either George Snyder or Kash Snyder, the persons in control of the Debtor.

38. On May 9, 2022, Snyder filed an Amended Involuntary Petition to comply with Local Rule 1003-1 which requires a statement regarding the identity of the official officers of the Debtor. Snyder stated that it appeared George Snyder and Kash Snyder are the two managing control persons and signed the Amended Petition under penalty of perjury. She also indicated that "there appears to be closely affiliated control creditors, but the total number of creditors are less than 12." *See* Doc. No. 7. On May 10, 2022, this Honorable Court entered an Order designating George Snyder and Kash Snyder as principals of the Debtor. *See* Doc. No. 9.

39. This case has been pending for close to twelve (12) months and Biros has never appeared for, on behalf of or otherwise been identified by the Debtor as being an officer, director or otherwise in control of the Debtor. Moreover, Biros is not a relative of either George Snyder nor Kash Snyder and no allegation has been made regarding same.

40. Importantly, there are no corporate records (e.g., bylaws, minutes, shareholder or director action) supporting Plaintiff's averments regarding Biros' alleged "insider" status and in fact no evidence of Biros alleged participation in corporate matters has been presented.

41. Rather, Snyder provides only one mere conclusory statement that Biros is an insider of the Debtor as (1) she acted as a director the enterprise [sic]; (2) she acted as an officer of the enterprise; (3) she acted as a person in control of the enterprise; (4) she is a *close* relative of officers, directors and persons in control or who exerted control of the enterprise. *See* Amended Complaint, ¶81. The Debtor then alleges the Trust is an insider of the Debtor based on the fact it is a vehicle created by the members of the Biros family to hold certain assets and accordingly would be an insider to the extent that the beneficiaries or control of the Trust are relatives of Biros.

42. Snyder has provided no support for the proposition that either Defendant acted as a director, officer or otherwise in control of the Debtor. This allegation is quite simply preposterous given the history of the state court litigation, this bankruptcy case and Snyder's knowledge that her brothers (George Snyder and Kash Snyder) were the only officers/directors or otherwise in control of the Debtor. *See* Doc. No. 7.

**THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

**A.    Standard of Review Under Rule 12(b)(6)**

43. Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here by Rule 7012(b)

of the Federal Rules of Bankruptcy Procedure requires dismissal of a cause of action where the plaintiff fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

44.    A Fed. R. Civ. P. 12(b)(6) motion to dismiss is designed to test the legal sufficiency of the factual allegations in the plaintiff's complaint. All well-pleaded allegations in the complaint are accepted as true and are viewed in the light most favorable to the plaintiff. A court is not required to accept legal conclusions or unsupported assertions. A court may take judicial notice of certain facts. A Rule 12(b)(6) motion will be granted if it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Miller v. McCown De Leeuw & Co. (In re Brown Sch.),* 368 B.R. 394, 397 (Bankr. D. Del. 2007).

45.    In considering a motion to dismiss pursuant to Rule 12(b)(6), Biros acknowledges that the Court must accept well-pleaded facts and allegations and must draw all reasonable inferences therefrom in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662,(2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555, (2007)("Twombly"). However, as the Supreme Court made clear in *Twombly,* the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (quotations omitted). "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal* at 1949).

46.    After *Iqbal,* the United States Court of Appeals for the Third Circuit explained that the court must conduct the following analysis to determine the sufficiency of a complaint: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir.2010) (internal quotations omitted).

47. Additionally, Rule 8 of the Federal Rules of Civil Procedure, made applicable here by Rule 7008 of the Federal Rules of Bankruptcy Procedure, requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n. 3 (internal alterations, citations, and quotations omitted). Furthermore, Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

48. Accepting all of the well-pled allegations of the Amended Complaint as true, Snyder has failed to state a claim upon which relief may be granted under Sections 544, 547, 548, and 550 of the Bankruptcy Code and applicable state law.

**B. The Amended Complaint is Barred by the Doctrines of Res Judicata and Collateral Estoppel**
   **i.** *Amended Complaint Barred by Res Judicata*

51. The Amended Complaint fails to state a claim for relief as it is barred by Res Judicata. Fed. R. Civ. P. 8(c) lists res judicata as an affirmative defense. Res judicata may be raised in a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Res judicata bars claims that were actually litigated or could have been litigated in a prior action. For res judicata to apply, a defendant must show that there has been: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action. In deciding whether two suits are based on the same cause of action, the appellate court takes a broad view, looking to whether there is an essential similarity of the underlying events giving rise to the various legal claims. *Lewis v. O'Donnell*, 674 F. App'x 234, 235 (3d Cir. 2017)

52. Here, there is a final State Court Order on the merits of the proper ownership of the Property. That action in the State Court was between the Debtor and Biros, and Snyder now stands in the shoes of the Debtor. In this action, Snyder is attempting to re-litigate those same claims regarding ownership of the Property. The doctrine of res judicata bars the Amended Complaint and accordingly, Snyder has failed to state a claim for relief against Biros and the Trust. Under Rule 12(b)(6), dismissal of a claim on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the claim. *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2021 Bankr. LEXIS 1302, at *1 (Bankr. S.D.N.Y. May 13, 2021)

53. The doctrine bars not only claims that were brought in a previous action, but also claims that could have been brought. Asserting different theories of recovery in a second lawsuit will not defeat the application of res judicata where the events underlying the two actions are essentially the same. *Frazier v. Morristown Mem'l Hosp.*, 767 F. App'x 371, 373 (3d Cir. 2019). Federal Courts are required to give "full faith and credit" to the judgments of state courts. U.S. Const. Art. 4, §1.

54. As there is already a final non-appealable state court order on the claims of ownership and interest in the Property, the Amended Complaint is barred pursuant to the doctrine of res judicata and therefore fails to state a claim.

### ii.     *Amended Complaint Barred by Collateral Estoppel*

55. Likewise, the Amended Complaint is barred by the doctrine of collateral estoppel and therefore fails to state a claim for relief.

56. The circumstances under which collateral estoppel prevents parties from relitigating issues has been explained by the United States Court of Appeals for the Third Circuit, in *Peloro v. U.S.*, 488 F.3d 163, 174-75 (3d Cir. 2007):

> [t]he prerequisites for the application of issue preclusion are satisfied when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment. In its classic form, collateral estoppel also required "mutuality" — *i.e.*, that the parties on both sides of the current proceeding be bound by the judgment in the prior proceeding. Under the modern doctrine of non-mutual issue preclusion however, a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary. . . . For defensive collateral estoppel — a form of non-mutual issue preclusion — to apply, the party to be precluded must have has a "full and fair" opportunity to litigate the issue in the first action. Simply stated, issue preclusion compels a later court to honor a decision of a matter that was actually litigated." (internal citations omitted).

57. Where a Rule 12(b)(6) motion raises the issue of collateral estoppel, a court must consider the prior judicial opinion to determine whether issue preclusion bars a plaintiff's claims. *Roach v. Verterano*, 2015 U.S. Dist. LEXIS 18745, at *16 (W.D. Pa. Feb. 17, 2015). Thus, "a prior judicial opinion constitutes a public record of which a court may take judicial notice." *Id*. On a motion to dismiss, a court may do so "only to establish the existence of the opinion, and not for the truth of the facts asserted in the opinion." *Id*. *Roach v. Verterano,* 2015 U.S. Dist. LEXIS 18745, at *16 (W.D. Pa. Feb. 17, 2015).

58. Here, again, there is already a final non-appealable state court order that determined Biros to hold the equitable and legal title to the Property. The State Court Order was entered following a trial on the merits and the determination was clearly essential to the judgment. Debtor was a party to that litigation and had a full and fair opportunity to contest ownership of the Property. As assignee of the claims brought hereunder, Snyder now stands in the shoes of the Debtor.

59. This Honorable Court may refer to Exhibit 10 to the Plaintiff's Amended Complaint to take judicial notice of the State Court Order. Moreover, this Honorable Court has also ruled that Biros is the owner of the Property (by virtue of the State Court Order). Accordingly, the Amended Complaint fails to state a claim as it is barred by the doctrine of collateral estoppel as the issue has already been litigated.

**Snyder Cannot Sustain a Cause of Action Under 547 of the Bankruptcy Code (Count 1)**

60. Section 547 provides in relevant part that a trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably known affirmative defenses, avoid any transfer of interest of the debtor in property (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the Debtor was insolvent; (4) made (A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) enables that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title. 11 U.S.C. § 547(b).

61. The burden of persuasion under 11 USCS § 547 that a voidable transfer occurred is on the complaining party by clear and convincing evidence. *In re Cleveland Graphic Reproduction*, Inc., 78 B.R. 819 (Bankr. N.D. Ohio 1987). The Amended Complaint fails to state a claim to avoid and recover a transfer pursuant to 11 U.S.C. §547 as it fails to assert facts to support the fundamental elements of §547 and must be dismissed.

  *i.  Snyder Has Failed to Allege that Debtor Had an interest in the Property*

62. In order to establish a voidable preference under 11 USCS § 547(b), a plaintiff must prove each of following 7 conditions: (1) transfer (2) of debtor's property (3) to or for benefit of creditor; (4) for or on account of antecedent debt (5) made while debtor was insolvent (6) within 90 days of bankruptcy filing (7) that enables creditor

to receive more than he would under Chapter 7 liquidation. *United States v. Daniel (In re R & T Roofing Structures & Commercial Framing)*, 887 F.2d 981, 1990 U.S. LEXIS 2925 (1990). Transfers are not avoidable under 11 USCS § 547 where there is no proof of the first two elements essential to establishment of a preferential transfer. *In re Ocean Dev. of America*, 29 B.R. 129, 1983 Bankr. LEXIS 6537 (Bankr. S.D. Fla. 1983).

63. Here, Debtor has not established that the transfer of legal title to Biros was a transfer of the Debtor's property. In fact, the Amended Complaint merely recites the elements of 11 U.S.C. §547 and simply provides: "Biros received property of the Debtor in the form of a Deed recorded on or about January 25, 2022." *See* Amended Complaint ¶87.

64. Snyder has also attached the State Court Order as Exhibit 10 to the Amended Complaint. It is clear from the State Court Order as well as the subsequent appeals and determinations that the State Court held that the Debtor had no interest in the Property and that Biros rightfully owned all interests in the Property. In fact, the Amended State Court Order provides that the State Court Order shall be modified to correct the language that provided the Property *was conveyed* to Debtor, modifying it to *delivered deeds* for the Property to Debtor. *See* Amended State Court Order, P. 10, ¶ 5(a)(emphasis added). Furthermore, the deeds conveying record title to Biros explicitly stated that "all deeds of record dated on or after July 16, 2015 are hereby NULL AND VOID." A true and correct copy of the Deeds are attached hereto and incorporated herein as Exhibit "G".

65. The State Court Order specifically provides: "Legal title to the Subject Property shall be conveyed to Christine Biros by execution of the appropriate deeds, currently held in escrow." *See* Order of Court, ¶ 7.

66. As discussed infra, the Pennsylvania Superior Court affirmed this decision and the State Court Order is now a final, non-appealable order. Accordingly, it is undisputed that the Debtor had no ownership interest in the Property. Moreover, this Honorable Court has already held that Biros holds deeds to the Property and that the deeds were obtained through a state court judgment that was affirmed on appeal and constitutes a final, non-appealable order. *See*, Order Granting Christine Biros Limited Relief from Stay [Doc. No. 36].

67. In order to establish preferential transfer pursuant to 11 USCS § 547(b), a trustee must establish the threshold element that, under applicable state law, property transferred belonged to debtor. *In re Tinnell Traffic Services, Inc.*, 43 B.R. 277, 1984 Bankr. LEXIS 4901 (Bankr. M.D. Tenn. 1984). Because "interest of the debtor in property" is not defined in Bankruptcy Code, courts look to state law to determine whether property is an asset of a

debtor. *In re Mays*, 256 B.R. 555 (Bankr. D.N.J. 2000). In the instant matter, it has definitively and finally been determined under applicable state law that Biros is the rightful owner of the Property.

68. The ability of a trustee to avoid preferential transfer under 11 USCS § 547 is limited to transfer of interest of debtor in property; therefore, a claim for relief under § 547 must assert facts showing that debtor had an interest in property exchanging hands. *Angell v. Day (In re Caremerica, Inc.),* 415 B.R. 200, 2009 Bankr. LEXIS 3784 (Bankr. E.D.N.C. 2009).

69. Snyder has not established and cannot establish the threshold element that under applicable state law, property transferred belonged to the debtor and accordingly, her claim must be dismissed. See, e.g*., Angell v. Day (In re Caremerica, Inc.),* 415 B.R. 200, 2009 Bankr. LEXIS 3784 (Bankr. E.D.N.C. 2009)(Ability of trustee to avoid preferential transfer under 11 USCS § 547 is limited to transfer of interest of debtor in property; therefore, claim for relief under § 547 must assert facts showing that debtors had interest in property exchanging hands)

   ii. *Any alleged Transfer Did Not Enable Biros to Receive More than She Would Have under a Chapter 7 Liquidation.*

70. The relevant allegations in the Amended Complaint consist solely of bald legal conclusion that by virtue of the transfer of the Property and the granting of the mortgage, the Defendants received more than they would have received had the transfer not occurred and the estate been liquidated. The Supreme Court has stated that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Twombly* *28. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. at 1949 (internal quotations omitted).

71. Snyder has offered no support for the proposition that Defendants received more than they would have received had the transfer not occurred, and moreover, the Pennsylvania courts have already imposed a constructive trust in favor of Biros to prevent an unjust enrichment to Debtor (not the other way around). Accordingly, in any event, Biros would have been entitled to assert her property interests, as determined by the State Court pursuant to applicable state law, and recover fully in these proceedings.

72. Furthermore, the Amended Complaint itself states that "the value of the Property is believed to be substantially greater than any amount owed to Biros." So not only has Plaintiff failed to sufficiently aver the concept that Biros received more than she would have in a Chapter 7, Plaintiff actually expressly negates this element of §547

by her own averments in the Complaint. Accordingly, Plaintiff has failed to adequately plead the essential elements of Section 547 and the Amended Complaint must be dismissed.

### iii. The Alleged Transfers Did Not Occur within the Applicable Timeframe Prescribed

73. First, Biros recorded the deeds for the Property on January 26, 2022, more than ninety (90) days prior to the Petition Date. As discussed above, Biros is not an insider. Accordingly, there is no basis for avoiding the transfer as it was not within the applicable time frame set forth in 11 U.S.C. Section 547.

74. In *Cassidy v. Advanced Imaging Ctr. of N. Ill. LP (In re Cassidy),* 352 B.R. 511, (Bankr. M.D. Fla. 2006), the Court rejected a Chapter 11 debtor's claim that a judgment creditor who had placed a lien on a stock certificate belonging to debtor was an "insider" as defined by 11 USCS § 101(31) and thus was subject to longer preference under 11 USCS § 547(b) because at no time was the creditor a general partner in any entity in which debtor was involved; moreover, because a transfer of a stock certificate was involuntary and resulted from vigorously contested litigation in which creditor and debtor were adverse parties, the relationship did not require close scrutiny to ensure that the transaction was conducted at arm's length. Similarly here, Snyder has made no such allegations regarding control of the Debtor by the Defendants and the alleged transfer resulted from vigorously contested litigation in which Biros and the Debtor were adverse parties.

75. The Amended Complaint does not plead any facts to plausibly establish either Defendants' status as a non-statutory insider, and thus fails to state a preference claim. *See, Burtch v. Salem Inv. Partners, III, LP (In re Parker Sch. Unifs., LLC),* 2021 Bankr. LEXIS 2759 (Bankr. D. Del. Oct. 5, 2021)(Trustee failed to state a preference claim under this statute because it did not plead facts to support contention that defendant was a statutory insider. Nor did complaint plead any facts to plausibly establish defendant's status as non-statutory insider as there was no showing of high level of control by defendant lender.).

76. Second, although the Biros' deeds were recorded on January 26, 2022, the transfer of title to the Property was effective, at the latest, on the dates of the respective deeds.[5] It is well established under Pennsylvania law that passage of title to property becomes legally operative upon the execution and delivery of a deed of conveyance. *See e.g., In re Herbert's Estate*, 356 Pa. 107, 51 A.2d 753, (1947). Furthermore, "recording of a deed is

---

[5] Again, the Deeds were dated and delivered into escrow in May, 2019.

not essential to establish its validity; title to real estate may be passed by delivery of the deed without recording it." See e.g., *Upper Tulpehocken Township v. Berks County Board of Assessment Appeals*, 842 A.2d 1041, 1044 (Pa. Cmwlth. 2004); *Sovereign Bank v. Harper*, 449 Pa. Super. 578, 674 A.2d 1085 (1996), *app. denied*, 546 Pa. 695, 687 A.2d 379 (1996). As noted above, the Deeds were executed and delivered into escrow in May, 2019.

77. Third, because the State Court found that the Property was held in a constructive trust for the benefit of Biros, equitable title to the Property actually vested in Biros as of July, 2015. The State Court found and ordered that the 2015 deeds to the Debtor were null and void. And furthermore, the Biros' deeds expressly stated that any deeds of record dated on or after July 16, 2015 were also null and void (which would include the 2018 deeds to the Debtor). Therefore, the State Court's determination of Biros' proper ownership, the finding of a constructive trust, and the nullification of any other deeds post-July, 2015 can only result in Biros' ownership dating back to July, 2015.

78. Under these circumstances and facts, the transfer of ownership of the Property preceded any look-back period or statute of limitations applicable under the Bankruptcy Code and/or Pennsylvania law related to preferential transfers or fraudulent conveyances.

**Snyder Cannot Sustain a Cause of Action Under 550 of the Bankruptcy Code (Count II)**

79. Section 550 of the Bankruptcy Code is applicable only to the extent that the transfer is avoided under section 547. Because Snyder has failed to state a claim under Section 547(b), she cannot recover under Section 550.

**Snyder Cannot Sustain a Cause of Action Under 11 U.S.C. §548(a)(1)(A) (Count III)**

80. Snyder cannot sustain a cause of action under Section 548(a)(1)(A) of the Bankruptcy Code as the Property is not an interest of the Debtor and Plaintiff has provided no support for how the alleged transfer was made with the actual intent to hinder, delay or defraud the Plaintiff and the creditors of the Debtor as required by this Section. Snyder has made no averments to support this Count other than simply reciting the elements of Section 548(a)(1)(A), nor provided any factual support in the entire Amended Complaint. Accordingly, this Count must be dismissed.

81. Importantly, a fundamental element of a fraudulent transfer action is that property of the Debtor was transferred. For the same reason that Plaintiff's §547 action must fail, her claims under §548 must also fail.

Again, the Property was deeded to Biros from the prior owners pursuant to a final, non-appealable order determining Biros to be the rightful owner. Plaintiff alleges no fact or basis that would suggest, let alone support, a claim that the transfer of the Property pursuant to the court ordered deeds (and blessed by the State Court) was fraudulent in any way.

82. Moreover, the Deeds to Biros from the prior owners are all dated and executed in May 2019, constituting the conveyance of title to Biros as of that date once said conveyance was authorized and ordered by the State Court. As a result, and regardless of Biros' status as a non-insider, any transfer of the Property to Biros took place long before any applicable look-back period for avoidance.

83. Furthermore, other than the threadbare recitals of the elements of §548, Plaintiff fails to assert any facts supporting the allegation that Debtor "did not receive reasonably equivalent value." In any event, Plaintiff fails to adequately plead the prerequisite element that Debtor even had an interest for which to receive value. Accordingly, Plaintiff has failed to allege sufficient facts to state a claim for relief under §548(a)(1)(A) of the Bankruptcy Code and this Count III must be dismissed.

**Snyder Cannot Sustain a Cause of Action Under 11 U.S.C. § 548(a)(1)(B) (Count IV)**

84. Snyder cannot sustain a cause of action under Section 548(a)(1)(B) as the Property is not an interest of the Debtor and Plaintiff has provided no support for how the alleged transfer was made with the actual intent to hinder, delay or defraud the Plaintiff and/or how the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation as required by this Section.

85. To state a claim for avoidance of a transfer based upon constructive fraud under § 548(a)(1)(B), Snyder must allege facts sufficient to show that Defendants received an interest of the Debtor and that the Debtor received less than a reasonably equivalent value in exchange for the transfer. *See, Feldman v. Chase Home Fin. (In re Image Masters, Inc.),* 421 B.R. 164, 176-77 (Bankr. E.D. Pa. 2009)(under section 548(a), a plaintiff bears the burden of proving that the debtor received less than reasonably equivalent value in exchange for the transfer). Snyder has made no averments to support this Count other than simply reciting the elements of Section 548(a)(1)(B), nor provided any factual support in the entire Amended Complaint. In fact, Debtor does not even recite the necessary elements of Section 548(a)(1)(B) in that Snyder must show that Debtor received less than a reasonably equivalent value in exchange for such transfer. Snyder makes no averments regarding the value received or how Debtor received

less than a reasonably equivalent value in exchange for any transfer.

86. In any event, a fundamental element of a fraudulent transfer action is that property of the Debtor was transferred. For the same reason that Plaintiff's §547 action must fail, her claims under §548 must also fail. Again, the Property was deeded to Biros from the prior owners pursuant to a final, non-appealable order determining Biros to be the rightful owner. Plaintiff alleges no fact or basis that would suggest, let alone support, a claim that the transfer of the Property pursuant to the court ordered deeds (and blessed by the State Court) was fraudulent in any way.

87. Moreover, the deeds to Biros from the prior owners are all dated and executed in May 2019, constituting the conveyance of title to Biros as of that date once said conveyance was authorized and ordered by the State Court. As a result, and regardless of Biros' status as a non-insider, any transfer of the Property to Biros took place long before any applicable look-back period for avoidance.

88. Other than the threadbare recitals of the elements of §548, Plaintiff fails to assert any facts supporting the allegation that Debtor "did not receive reasonably equivalent value." In any event, Plaintiff fails to adequately plead the prerequisite element that Debtor even had an interest for which to receive value. Accordingly, Plaintiff has failed to allege sufficient facts to state a claim for relief under §548(a)(1)(B) and this Count must be dismissed.

**Snyder Cannot Sustain a Cause of Action Under 11 U.S.C. § 544(b) and 12 PA C.S. §5104 (Count V)**

89. Snyder cannot sustain a cause of action under 11 U.S.C. § 544(b) and 12 Pa.C.S. Section 5104 as there was no fraudulent transfer. Again, the Property is not an interest of the Debtor and Plaintiff has provided no support for how the alleged transfer was made with the actual intent to hinder, delay or defraud the Plaintiff and/or how the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation. Snyder has made no averments to support this Count other than simply reciting the elements of the applicable sections nor provided any factual support in the entire Amended Complaint. The Pennsylvania Courts have already ruled on the Debtor's and Biros' respective rights and interests in the Property, determining that Biros is the rightful owner of equitable and legal title to the Property. *See* Plaintiff's Exhibit B. Accordingly, Plaintiff has failed to allege sufficient facts to state a claim for relief under 544(b) and 12 PA C.S. §5104 and this Count must be dismissed.

90. Moreover, the State Court's determination of Biros' proper ownership, the finding of a constructive

trust, and the nullification of any other deeds post-July, 2015 can only result in Biros' ownership dating back to July, 2015. As a result, and regardless of Biros' status as a non-insider, any transfer of the Property to Biros took place long before any applicable look-back period for avoidance.

### Snyder Cannot Sustain a Cause of Action Under 11 U.S.C. §544(b) and 12 Pa.C.S. §5105(Count V)[SIC]

91. Snyder cannot sustain a cause of action under 11 U.S.C. § 544(b) and 12 Pa.C.S. §5105 as there was no fraudulent transfer. Again, the Property is not an interest of the Debtor and Plaintiff has provided no support for how the alleged transfer was made with the actual intent to hinder, delay or defraud the Plaintiff and/or how the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation.

92. Snyder has made no averments to support this Count other than simply reciting the elements of the applicable sections nor provided any factual support in the entire Amended Complaint. The Pennsylvania Courts have already ruled on the Debtor's and Biros' respective rights and interests in the Property, determining that Biros is the rightful owner of equitable and legal title to the Property. *See* Plaintiff's Exhibit B. Accordingly, Plaintiff has failed to allege sufficient facts to state a claim for relief under Section 544(b) and 12 PA C.S. §5105 and this Count V must be dismissed.

93. Moreover, the State Court's determination of Biros' proper ownership, the finding of a constructive trust, and the nullification of any other deeds post-July, 2015 can only result in Biros' ownership dating back to July, 2015. As a result, and regardless of Biros' status as a non-insider, any transfer of the Property to Biros took place long before any applicable look-back period for avoidance.

### Snyder Cannot Sustain a Cause of Action Under 11 U.S.C. §550 (Count VI)[SIC]

94. Section 550 of the Bankruptcy Code is applicable only to the extent that the transfer is avoided under section 544, 547 and/or 548 as applicable herein. Because Snyder has failed to state a claim under 11 U.S.C. §§544, 547 and 548, she cannot recover under 550. Under 11 U.S.C.S. § 550, in order to recover against a mediate or intermediate transferee, the claimant must establish that the transfer is a voidable fraudulent conveyance vis-a-vis the initial transferee. *Miller v. McCown De Leeuw & Co. (In re Brown Sch.),* 368 B.R. 394, 397 (Bankr. D. Del. 2007).

## CONCLUSION

95. Every cause of action asserted in the Amended Complaint is barred by the doctrines of res judicata and collateral estoppel, thereby requiring the dismissal of the entire Amended Complaint. Regardless, assuming the allegations in the Amended Complaint are true for purposes of this Motion, any transfer occurred outside of applicable look-back periods, and taking into account the plethora of threadbare legal conclusions, the Amended Complaint fails to plead sufficient facts to support the necessary elements: (i) that the Property is or was an interest of the Debtor, (ii) that Defendants are insiders of the Debtor, (iii) that the alleged transfers were on account of an antecedent debt (iii) that Defendants received more than they would have received in a Chapter 7 liquidation, (iv) that the alleged transfers occurred within the properly applicable look-back period; and (v) that Debtor received less than reasonably equivalent value for any alleged transfer.

96. Lastly, due to the inherent and fatal flaws underlying this action, any curative amendment would be futile. Engaging in discovery will not change this unassailable fact. *See Lorenz v. CSX Cor*p., 1 F.3d 1406, 1414 (3d Cir. 1993) (denial of leave to amend may be based on "futility of amendment"); *Jablonski v. Pan American World Airways*, 863 F.2d 289, 292 (3d Cir. 1988) (amendment is considered futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss") *citing Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983).

WHEREFORE, Christine Biros and the Biros Irrevocable Life Insurance Trust request this Court enter an Order dismissing the Amended Complaint, with prejudice, and grant such other relief as this Court deems necessary and appropriate.

Dated: May 17, 2023

BERNSTEIN-BURKLEY, P.C.
By: */s/ Mark A. Lindsay*
Mark A. Lindsay (PA ID No 89487)
Lara S. Martin (PA ID No. 307272)
601 Grant Street, Floor 9
Pittsburgh, PA 15219
T: (412) 456-8100; F: (412) 456-8135
mlindsay@bernsteinlaw.com
lmartin@bernsteinlaw.com

*Counsel for Defendants*