IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
CIVIL DIVISION

| | |
|---|---|
| CHRISTINE BIROS, an individual, | ) |
| Plaintiff, | ) |
| v. | ) No. 4886 of 2017 |
| U-LOCK, INC., a Pennsylvania Corporation, | ) |
| Defendant. | ) |

**OPINION**

BY THE COURT:

A non-jury verdict in favor of the Plaintiff, Christine Biros, was rendered in this matter on August 22, 2019, and is the subject of the present motions for post-trial relief filed by both Plaintiff and Defendant pursuant to Pa.R.C.P. 227.1. In her motion, Plaintiff argues that the Court incorrectly reference two factual matters in the finding of fact section which conflict with the Court's ultimate legal analysis. Plaintiff requests amendment of the Opinion and Order to reflect consistency throughout. Plaintiff has additionally filed objections to Defendant's post-trial motion, which were ruled upon at time of oral argument, and which will be reflected in the Order below.

In its motion and brief, Defendant argues that the Court erred in rendering various aspects of its Opinion, as addressed more fully below, and Defendant requests entry of judgment notwithstanding the verdict or in the alternative a new trial. Defendant additionally requests that the Court dismiss Plaintiff's complaint for lack of jurisdiction and failure to join indispensable parties. Plaintiff has additionally filed objections to Defendant's post-trial motion, which were ruled upon at time of oral argument, and which will be reflected in the Order below. Plaintiff's post-trial motion will be granted, based on consent of counsel for the Defendant at time of

argument on post-trial motions. For the reasons that follow, Defendant's post-trial motion will be denied.

This case involves a dispute regarding ownership of the property located at 14140 Route 30, North Huntingdon Pennsylvania. A factual and procedural history of the case is found on pages 1 through 3 of this Court's August 22, 2019 Opinion and Order. These post-trial motions were timely filed by both parties, and the same were briefed and argued before this Court on November 8, 2019.

I. APPROPRIATENESS OF DECLARATORY JUDGMENT

Looking to Defendant's first argument found in Section A of its brief, Defendant maintains that the Court erred in ruling on an allegedly moot declaratory issue. Defendant claims that the deeds delivered to Defendant U Lock and recorded on March 1, 2018 render Plaintiff's remaining arguments and the Court's subsequent rulings moot. Plaintiff argues that declaratory judgment was proper in this instance and that mootness is not applicable to the present case.

Looking to the Court's general ability to provide declaratory judgment, barring a specific statutorily enacted remedy for a particular cause of action, the "existence of any other form of remedy will not *per se* bar declaratory judgment." *In re Johnson's Estate*, 171 A.2d 518, 523 (Pa. 1961). "[A] petition for declaratory judgment is equitable in nature and when a court assumes jurisdiction, it has the power to render any relief which it considers necessary." *Smith v. York Cty.*, 388 A.2d 1149, 1151 (Pa. Cmwlth. 1978). Defendant has not indicated that this Court's ruling on the *void ab initio* status of the original deeds is barred by any specific statutorily enacted remedy, and so the Court's ruling on the same was proper, barring a finding of mootness.

2

As to this issue of mootness, the Defendant argues that the deeds delivered to Defendant U Lock and recorded on March 1, 2018 render the Court's determination as to the void nature of the initial deeds and subsequent imposition of a constructive trust moot. The Court first notes that Plaintiff's post-trial motion to remove all references to "corrective deeds" in the Court's opinion was consented to by counsel for Defendant at time of oral argument on post-trial motions, and so the motion has been granted by the Court and the March 1, 2018 deeds will not be referred to as "corrective."

As to the effect of the filing of these deeds on the status of the litigation, the Court must determine whether the deeds render any portion of the case at bar moot. "The mootness doctrine requires that an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Pap's A.M. v. City of Erie*, 812 A.2d 591, 600 (Pa. 2002). Courts do not generally decide moot cases. *Id.* An exception to the courts' general prohibition against deciding moot issues is where failing to do so "will cause one party to suffer some detriment without the Court's decision." *Costa v. Cortes*, 142 A.3d 1004, 1016 (Pa. Cmwlth.), aff'd, 145 A.3d 721 (Pa. 2016). A finding that continued litigation in the same matter could result if a determination is not made weighs against a finding of mootness. *Pap's A.M.*, 12 A.2d at 600.

The delivery of the March 1, 2018 deeds does not eliminate any actual case or controversy. Plaintiff's actual claim to a constructive trust survives the transfer of legal title to the Defendant, as described below in Section III. As such a case or controversy was certainly still extant before this Court when the same was ruled upon. Additionally, even if mootness were found, failure to decide the case would cause a severe detriment to the Plaintiff in the

3

nature of unjust enrichment, and so the present case would fit squarely within the exception laid out in *Costa*. Thus the Court did not err in failing to make a finding of mootness in this case.

## II. EQUITY JURISDICTION

Defendant's argument as set out in Section C claims that the Court erred by acting in equity in this matter where there is an adequate remedy at law. Defendant claims that the remedy of a constructive trust was unavailable because monetary damages would have been available to the plaintiff through a breach of contract action, a conversion action, or other action at law based on the July 16, 2015 agreement between Kash Snyder and Christine Biros. Plaintiff maintains that equitable jurisdiction was available despite this possibility.

Under Pennsylvania law, "equity will entertain jurisdiction only in the absence of an adequate remedy of law." *Jostan Aluminum Prod. Co. v. Mount Carmel Dist. Indus. Fund*, 389 A.2d 1160, 1163 (Pa. Super. 1978). "Equity has jurisdiction notwithstanding a failure to pursue an available statutory remedy if that remedy is inadequate." *Borough of Kennett Square v. Lal*, 645 A.2d 474, 479 (Pa. Cmwlth. 1994). A remedy at law can be inadequate if it would lead to "a multiplicity of actions." *Id.* "[J]udicial economy and in conserving the time and resources of the litigants" are also relevant considerations in this analysis. *Temple Univ. of Com. Sys. of Higher Ed. v. Pennsylvania Dep't of Pub. Welfare*, 374 A.2d 991, 996 (Pa. Cmwlth. 1977).

In the present case, Plaintiff points to testimony at trial which would indicate that Defendant entirely lacks the ability to compensate the Plaintiff, and so a remedy at law could not be achieved. (Transcript of Trial, 4/29/19, p. 32). The refiling of a complaint at law would additionally lead to numerous actions and result in a duplicative case, wasting the time and resources of the litigants and the judiciary. The Court additionally notes that an award of damages may be considered inadequate in the context of specific performance for the equitable

4

conveyance of real estate, as "no two parcels of land are identical." *Oliver v. Ball*, 136 A.3d 162, 167 (Pa. Super. 2016). This situation is analogous, as an award of damages would be inadequate in comparison to the conveyance of the unique parcel of real estate. For the foregoing reasons, this Court is able to maintain jurisdiction in equity in the present case.

### III. APPROPRIATENESS OF CONSTRUCTIVE TRUST

Defendant's next argument, set forth in Sections B and D of its brief is that the Court erred in imposing a constructive trust in this matter. In general "a constructive trust may arise… where a person holding title to property is subject to another on the ground that he would be unjustly enriched if he were allowed to retain the property." *Williams Twp. Bd. of Supervisors v. Williams Twp. Emergency Co.*, 986 A.2d 914, 922 (Pa. Cmwlth. 2009). Defendant first argues that the imposition of a constructive trust is inappropriate where Plaintiff did not request the same or plead unjust enrichment in her complaint or at trial. Defendant claims that Plaintiff's request for imposition of a constructive trust on the basis of unjust enrichment did not occur until post-trial briefings. This is inaccurate, as the issue of request for a constructive trust and the necessary element of unjust enrichment was first raised in pages twelve and thirteen of Plaintiff's Brief in Support of Preliminary Objections, filed on April 4, 2018. Defendant was thus on notice of Plaintiff's request for a constructive trust on the basis of unjust enrichment for at least one year prior to trial. Defendant cites no authority for the proposition that Plaintiff's pleadings in this matter foreclose the Court acting in equity, and so the Court did not err in this manner.

Defendant additionally maintains that a constructive trust was improper in this matter where adequate remedies exist at law. This argument is addressed in Section II, above. Defendant additionally argues that a constructive trust cannot be created where there is no allegation of fraud, duress, undue influence, mistake or abuse of a confidential relationship. The

5

Pennsylvania Superior Court has held that "[t]he necessity for [a constructive trust] may arise from circumstances evidencing fraud, duress, undue influence or mistake. The controlling factor in determining whether a constructive trust should be imposed is whether it is necessary to prevent unjust enrichment." *Hercules v. Jones,* 609 A.2d 837, 841 (Pa. Super. 1992) (citation omitted). Thus it is clear that although these enumerated circumstances may lend weight to a determination of a constructive trust, they are not essential elements of a constructive trust, and so the Court did not err in this manner.

IV. <u>INDISPENSABLE PARTIES</u>

Defendant's brief Section G argues that the Court erred in ruling without joining other allegedly indispensable parties and/or claimants. Under Pennsylvania law, "[i]f an indispensable party is not joined, a court is without jurisdiction to decide the matter." *Sabella v. Appalachian Dev. Corp.,* 103 A.3d 83, 90 (Pa. Super. 2014). This is a nonwaivable defect. *Id.* "[A]n indispensable party is one whose rights are so connected with the claims of the litigants that no decree can be made without impairing its rights." *Id.* In its brief, Defendant refers to Plaintiff's brothers, as well as a man named Andy, but provides no supportive evidence as to any interest these persons may have in the property. Defendant also refers to the incorporators of U Lock who are presently involved in the action because U Lock - now properly incorporated - received legal title to the property in 2018 and is the defendant in this action.

Defendant also claims that some 800 shareholders of U Lock are indispensable parties. "[A] shareholder has no distinct and individual title to the moneys or property of the corporation, nor any actual control over it..." *Bradley v. Zoning Hearing Bd. of Borough of New Milford,* 63 A.3d 488, 492 (Pa. Cmwlth. 2013) (citation omitted). The shareholders of U Lock have no particular interest in the title to the property at issue, and so cannot be indispensable parties.

Defendant also references the Defendant Estates, however the estates were previously parties to the action against whom all claims have been resolved, and so they were removed from the action by the Court at their request. Overall, Defendant has failed to provide any evidence of failure to join any indispensable party, and so no error is existent.

## V.    DE FACTO CORPORATION STATUS

Defendant's brief in Section H claims that the Court erred in finding that U Lock was not a *de facto* corporation at the time of the issuance of the original deeds. An analysis of the Court's reasoning as to its conclusion in this matter is found on pages 3 through 5 of its August 22, 2019 Opinion. This Court weighed the evidence presented at time of trial and found that there was no "attempt to organize" by the incorporators, as illustrated by Pennsylvania case law. *See e.g., Cochran v. Arnold,* 58 Pa. 399 (Pa. 1868); *Spahr v. Farmer's Bank, Carlisle,* 94 Pa. 429 (Pa. 1880); *Pinkerton v. Pennsylvania Traction Co.,* 44 A. 284, 285 (Pa. 1899); *Schmitt v. Potter Title & Trust Co.,* 61 Pa. Super. 301 (Pa. Super. 1915); *In re Mt. Sharon Cemetery,* 120 A. 700, 701 (Pa. 1923); *Appeal of Riviera Country Club,* 176 A.2d 704, 707 (Pa. Super. 1961). Defendant's references to any actions by Plaintiff are of no relevance to the issue of Defendant's existence as a corporate entity. As such, no error exists here.

## VI.    UNCLEAN HANDS

By Order of Court dated September 6, 2018, the Honorable Anthony G. Marsili sustained a preliminary objection filed by Plaintiff which struck "any and all allegations in the Amended Answer and New Matter relating to illegal gambling" because these allegations constituted scandalous and/or impertinent matter. Defendant's brief in Section I argues that the Court erred in striking its defense as to the source of the funds used to purchase the property. The Court first notes that Plaintiff's objection to strike all references to illegal gambling and illegal sourcing of

7

the funds contained in Defendant's post-trial pleadings has been granted, consistent with the September 6, 2018 ruling on this identical matter by Judge Marsili. As Defendant's argument does not deal with the non-jury trial and subsequent opinion, but instead deals solely with a prior ruling on preliminary objections, this Court suggests that it is inappropriate for consideration in post-trial motions. In any case, "[t]he doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy in issue." *Terraciano v. Com., Dep't of Transp., Bureau of Driver Licensing*, 753 A.2d 233, 237–38 (Pa. 2000). Defendant has cited no law or evidence to show how this purported criminal activity is in any way relevant to the Plaintiff's conduct regarding the matter at issue, and so no error can be discerned.

### VII. TRIAL SCHEDULING

Defendant's brief in Section J argues that trial in this matter was scheduled outside of the procedures prescribed by local rules of court, and that defendant was prejudiced because of this procedure.

Pa.R.C.P. No. 126 reads:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Even assuming *arguendo* a lack of strict compliance with Westmoreland County Local Rule W212.1, Defendant has failed to show any prejudice which would negatively affect its substantial rights. The Court notes that Defendant had approximately three weeks' notice of the scheduled trial date before lodging any objection to proceeding. At time of trial, no discovery had been requested by Defendant since October 2018, which was timely complied with. Defendant mentions a witness requested by both parties, Mr. Erik Martin, who was unavailable for the trial. Counsel for Defendant stipulated to a brief summary of the testimony which would

8

have been provided by Mr. Martin, effectively waiving any objection relative to his inability to appear. (Transcript of Trial, 4/29/19, p. 37-39). Defendant mentions no other discovery, witnesses, which it could have attempted to secure in order to present at trial, and so Defendant was not prejudiced and its substantive rights were in no way affected by the pre-trial procedures, which were conducted in order to ensure "the just, speedy and inexpensive determination" of the action. Pa.R.C.P. No. 126.

VIII. LACK OF SUPPORTING LEGAL AUTHORITY

The Court notes Plaintiff's argument that Sections E and F of Defendant's brief are entirely devoid of supporting legal authority. Plaintiff notes that, for the purposes of appellate review, "arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa. Super. 2006). Here, a lack of any relevant citation to authority renders review similarly difficult.

Briefly addressing each argument, as to Defendant's Section E, Defendant argues that imposition of a constructive trust against Plaintiff results in her own unjust enrichment. In addition to the Defendant failing to provide evidence of such at trial and no legal support for this proposition, the Court has explained its reasoning in applying a constructive trust above in Section III. Looking to Defendant's Section F, this argument appears generally duplicative of Defendant's prior arguments against the imposition of a constructive trust. Again, these issues were addressed in Section III. Based on the reasoning set forth above, the Court can find no basis in the Defendant's arguments in its post-trial motions, and so the same must be denied.

Accordingly, the Court enters the following Order of Court:

## ORDER OF COURT

AND NOW, this 6th day of December 2019, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Plaintiff's Objection and Request to Strike Scandalous and Impertinent Allegations from Defendant's Post-Trial Motion is GRANTED, and Paragraphs 128 and 156-163 of Defendant's Motion for Post-Trial Relief are hereby STRICKEN from the record in this matter.

2. Plaintiff's Objection regarding Necessity for a Trial Transcript is DENIED as moot, as the entire trial transcript has been produced in this matter.

3. In reference to Defendant's Motion for Post-Trial Relief, upon consideration of said motion and consistent with the analysis set forth in the foregoing Opinion, said Post-Trial Motion is hereby DENIED.

4. Plaintiff's Motion for Post-Trial Relief is GRANTED, based upon consent of the Defendant.

5. This Court's Non-Jury Trial Opinion and Order of Court dated August 22, 2019 shall be modified as follows:

    a. In the section of the Opinion captioned "Facts," the sentence in the first paragraph which states, "On July 16, 2015, the Subject Property was conveyed to Defendant U Lock." shall be modified to the following sentence: "On July 16, 2015, the Defendant Estates delivered deeds for the Subject Property to Defendant U Lock."

    b. With respect to those deeds delivered to Defendant U Lock and recorded on March 1, 2018, the references on pages 2 and 5 of the Opinion to such deeds as being corrective deeds are hereby deleted.

10

6. Judgment is granted for the Plaintiff as set forth in this Court's opinion.

7. Any party desiring to do so shall have thirty (30) days from the date of this Order in which to file an appeal to the Pennsylvania Superior Court pursuant to Pa.R.A.P. 903(a).

8. In accord with Pa.R.C.P. 236(a)(2)(b), the Prothonotary is DIRECTED to note in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT:

_____
Harry F. Smail, Jr., Judge

ATTEST:

_____
Prothonotary

ATTEST:
CHRISTINA O'BRIEN
PROTHONOTARY

cc:   William E. Otto, Esquire
      J. Allen Roth, Esquire
      John Tumolo, Esquire
      Dennis Del Cotto, Esquire

11