**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | | |
|---|---|---|---|---|
| In re: | : | Case No. | 22-20823-GLT | FILED<br>6/23/23 8:32 am<br>CLERK<br>U.S. BANKRUPTCY<br>COURT - WDPA |
| U LOCK INC | : | Chapter: | 7 | |
| *Debtor(s).* | : | | | |
| Shanni Snyder, Shanni Snyder as assignee of Robert Slone, Chapter 7 Trustee for U Lock | : | Adversary No.: | 23-02020-GLT | |
| *Plaintiff(s)* | : | | | |
| v. | : | Date: | 6/22/2023 | |
| Christine Biros | : | Time: | 02:00 | |
| Biros Irrevocable Life Insurance Trust | | | | |
| *Defendant(s)* | : | | | |

**PROCEEDING MEMO**

**MATTER:**   #22 - Motion to Dismiss Adversary Proceeding
           [Response due 6/5/2023]
           #28 - Response filed to Motion to Dismiss
              by Shanni Snyder
           #29 - Brief / Memorandum In Opposition of
              Motion to Dismiss Case by Shanni Snyder

**APPEARANCES:**
           Plaintiff(s):    John Patrick Lacher, David L. Fuchs
           Defendant(s):   Stuart Gaul, Sarah Wenrich, William Otto [Christine Biros]
           Trustee:       Robert Slone

**NOTES:**   [2:00]

Gaul: Shanni Snyder barred by collateral estoppel. Final state court order on the merits that Biros is proper owner of the property. There was never a "transfer" of property to support avoidance action or fraudulent conveyance action. Even if there was a transfer, Shanni Snyder has missed 90 day window for avoidance, and there is no factual support that Biros is an insider. Further, Biros lacks prerequisite intent for actual fraud.

Court: What is the significance of the 2018 deeds?

Gaul: No need to further address 2018 deeds. By 2018, executors no longer had an interest in the property…state court expressed this in its 2019 finding. Constructive trust retroactive to 2015.

Fuchs: 2018 deeds are valid and show legal title in the property to ULOCK. The only action that the trial court determined creditor remedy.

Court: But if the constructive trust dates back to 2015, does it implicitly invalidate the 2018 deeds?

Fuchs: Does not think so. 2018 deeds still legitimate, transfer of legal title valid. Constitutes a transfer under the bankruptcy code. Constructive trust is a transfer from ULOCK to Biros.

Court: Why did you not cite any applicable local case law regarding avoidance and constructive trusts? There are applicable cases in our district that give guidance.

Fuchs: Does not remember seeing any. Can supplement if the Court would like.

Court: Question about insider allegation. Saying Biros is a director without anymore information is suspect. Struggling to find support of insider status.

Fuchs: Would like to ask for leave to amend if the Court finds the supporting motion insufficient.

Court: Recommend looking at the following cases: *In re Aultman*, 223 B.R. 481 (Bankr. W.D. Pa. 1998); *In re Turetsky*, 402 B.R. 663 (Bankr. W.D. Pa. 2009); *In re Pitchford*, 410 B.R. 416 (Bankr. W.D. Pa. 2009); *In re Sandman,* No. 12-10339-TPA, 2013 WL 3991971 (Bankr. W.D. Pa. 2013).

## OUTCOME:

1) For the reasons stated on the record, to the extent desired, the parties are granted 7 days leave to file supplemental briefing related to the case law discussed on the record as it relates to the matter before the Court. Thereafter, the Court shall consider any supplemental briefing submitted and resolve the *Motion to Dismiss Amended Complaint Pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure*[Dkt. No. 22] by further Court order. [Text order AND chambers to prepare].

DATED: 6/22/2023